## WALKER v. SCHREIBER ET AL.

1. **Mortgage**: TRANSFER OF NOTE SECURED BY: NOTICE TO ATTORNEY. The transfer of a note secured by a mortgage carries with it the mortgage also, but third parties are not chargeable with notice. If the attorney of a prior mortgagee, however, acquire actual notice the mortgagee himself is chargeable therewith.

2. ——: ——. The assignment of one of several notes secured by a mortgage operates as an assignment *pro tanto* of the mortgage.

3. ——: ——: PRIORITY. In such a case the holders of the notes first maturing are entitled to be paid first from the proceeds of the mortgaged property.

4. ——: FORECLOSURE: NOTICE. The failure to take a sheriff's deed within twenty days after the time for redemption has expired will not avail one who had actual notice of the fact of sale.

5. **Administrator**: PARTY: PRACTICE. Where a party dies pending an action affecting the title to real estate to which he is a party, the administrator cannot be properly substituted as a party unless some reason be assigned why he, rather than the heirs, should prosecute the action.

*Appeal from Hardin Circuit Court.*

SATURDAY, DECEMBER 15.

JOHN R. LANDIS, a junior mortgagee, and purchaser at foreclosure sale, brought this action to redeem from the foreclosure of a senior mortgage, to which he was not made a party. Pending the action Landis died, and his administrator was substituted as plaintiff. The court granted the relief prayed. The defendants appeal.

*E. W. Eastman*, for appellants.

*Huff & Reed* and *T. Brown*, for appellee.

DAY, CH. J.—July 5th, 1866, E. Hiller mortgaged the N. W. ¼ of S. E. ¼ of section 12, 88, 20, except that part of it laid off in town lots, to George W. Mitchell to secure $1,000 of borrowed money. November 11th, 1868, Hiller sold and conveyed that property, with 57½ acres of timber land, to John A. Fossler, subject to said mortgage which Fossler agreed to dis-

charge, and took from Fossler on the whole a mortgage to secure five notes of $3,000 each, of purchase money, payable at different times to E. Hiller or bearer. The first two notes were paid at maturity. In 1870 Hiller sold the third note to Landis and transferred it by mere delivery.

November 8, 1872, Mitchell commenced suit against Hiller and wife and J. A. Fossler, to foreclose his mortgage. April 8, 1873, judgment and decree were rendered against Fossler and Hiller. Landis was not made a party to this suit.

November 16, 1872, Landis commenced an action on his note against Fossler, and procured from the records a 'copy of the mortgage to Hiller, and asked a foreclosure against Fossler and Hiller. Hiller was not made a party, was not served and did not appear. Fossler answered that Landis did not own any interest in the mortgage; that Hiller had not assigned the note or any interest in the mortgage but still held and owned the mortgage. A demurrer to this defense was sustained. April 15, 1873, Landis took judgment and decree of foreclosure against Fossler, the decree establishing the interest of Landis in the mortgage senior to the last two notes held by Hiller.

January 3, 1873, Hiller commenced suit against J. A. Fossler, on the last two of his five notes, to foreclose his mortgage. March 27, 1873, Fossler waived defense and confessed judgment, and April 8, 1873, judgment and decree were approved and confirmed in court for $6,219.37. June 21, 1873, Landis had the property sold on execution under his decree, and he purchased all the property in a lump, including the 57½ acres, for the amount of his claim. August 4, 1873, the said N. W. ¼ of S. E. ¼ of section 12 was sold by the sheriff on execution under the Mitchell decree, subject to redemption, and was purchased by Mitchell for the amount of his debt.

September 26, 1873, Hiller filed petition to set aside Landis' decree, so far as it related to Hiller. To this Landis filed cross-bill to foreclose Hiller from redeeming, and to affirm his decree. The case was tried and decided in vacation, in August, 1874, and decree then put on record in vacation as though rendered April 22, 1874, in term time, dismissing Hiller's bill, affirming Landis' decree, and cutting off all right of Hiller to redeem.

December 30, 1873, the property was sold by sheriff on execution under decree of *Hiller v. Fossler*, for amount of Hiller's debt, and purchased by him.

In January, 1874, Hiller purchased the certificate of purchase from Mitchell by paying the full amount of Mitchell's claim, and took an assignment of his certificate of purchase, which Hiller held till one year had expired from the date of sale. No one having redeemed the property, Hiller assigned the certificate of purchase to his agent, John Beemer, to whom the sheriff made deed August 7, 1874, which was recorded August 8. September 2, 1874, Beemer, in consideration of $8,000, sold and conveyed by quit claim to the defendant, J. J. Schreiber, to whom John A. Fossler surrendered possession September 4, 1874. September 7, 1875, Landis made tender to Schreiber of $1,273.23, to redeem from the Mitchell sale, and upon Schreiber's refusing to accept it, deposited the money with the clerk of the court, and has kept the tender good. September 9, 1874, Hiller quit-claimed his interest and assigned his certificate of purchase to Schreiber, in consideration of the $8,000 before named. September 16, 1874, Landis filed his petition in this case; October 23, 1874, Landis obtained deed from the sheriff under the sale of June 21, 1873; and October 26, 1874, Landis amended his petition and set up this deed. The court decreed the title of Landis to the property perfect and complete, canceled the Mitchell judgment and decree, canceled the deed to Beemer and all the deeds to Schreiber and ordered writ of ejectment to remove Schreiber and put the administrator of Landis' estate, Walker, in possession of the property. Schreiber pleaded a disclaimer to the 57½ acres of timber.

From the foregoing statement it will be seen that the defendant, Schreiber, claims title to the land under the foreclosure of the Mitchell mortgage, and that he also holds the certificate of purchase of the sale under the judgment on the last two of the five Hiller notes and the foreclosure of the mortgage executed to secure the same.

The claim of Landis is that his judgment and foreclosure on the third of these Hiller notes give him a lien prior to the

lien of the judgment and foreclosure on the fourth and fifth of these notes, and that he has a right to redeem from the senior mortgage to Mitchell, not having been made a party to the foreclosure thereof.

I. We will first consider Landis' right to redeem from the foreclosure of the Mitchell mortgage. The mortgage to secure the five Hiller notes stood upon the records in Hiller's name. No assignment was made upon the record of the mortgage when the third of these notes was sold and transferred to Landis. Hiller was made a party to the Mitchell foreclosure and his equity of redemption was foreclosed. Appellant claims that Landis, having failed to take any transfer upon the record of the mortgage to secure the note sold to him, in equity continued the mortgagee, Hiller, as his trustee, holding the lien for him, and that as to third persons without notice Hiller should be regarded as the real owner, and a foreclosure against him treated as sufficient to cut off all outstanding equities. It is insisted that Mitchell, nothing being known to put him upon inquiry, was not bound to look after assignments of the notes secured by the mortgage. If Mitchell foreclosed and purchased at the sheriff's sale without any knowledge of the assignment to Landis, there would, we think, be great force in this argument of appellant. See *Bank of the State of Indiana v. Anderson*, 14 Iowa, 559.

The record shows, however, that E. W. Eastman was attorney for Mitchell in his foreclosure suit. In this action Fossler waived defense and confessed judgment and foreclosure on the 27th day of March, 1873. On the 8th of April, 1873, this judgment was confirmed and judgment and decree were rendered against both Fossler and Hiller. On the 16th day of November, 1872, Landis commenced an action against Fossler on the note transferred to Landis. E. W. Eastman appeared as attorney for Fossler, and on the 29th day of March, 1873, filed an answer denying that Landis owned the note and mortgage upon which he claimed. It thus appears that Mitchell's attorney, before final judgment was rendered in the foreclosure suit, and whilst actively engaged in the employment of his client, obtained knowledge that Landis claimed to be the owner

*Marginal note:* 1. MORTGAGE: transfer of notes secured by: notice to attorney.

of the third of the Hiller notes and of an interest in the mortgage to secure them. The notice to Mitchell's attorney was notice to Mitchell himself. See *May v. Leclaire*, 11 Wal., 233; *LeNeve v. LeNeve*, 2 White's Leading Cases in Equity, 23; *Allen v. McCalla*, 25 Iowa, 464. Having this notice before the foreclosure proceeding was terminated, he ought to have made Landis a party and foreclosed his equity of redemption. Failing to do this, and afterward purchasing the property at the foreclosure sale, he cannot be regarded as an innocent purchaser without notice.

II. Appellant insists that the transfer of the note to Landis did not give him any interest in the Hiller mortgage. This position is not tenable. The note was payable to bearer, and was assignable by mere delivery. The assignment of a portion of a debt is an assignment of the mortgage made to secure it, *pro tanto*. *Grapengether v. Fejervary*, 9 Iowa, 163; *Rankin et al. v. Mayor*, Id., 297; *Sangster v. Love*, 11 Id., 580.

2. ——: ——. position

III. The assignment of the third note to Landis gave him an interest in the mortgage prior and superior to that which Hiller held to secure the two notes maturing subsequently. See *Rankin et al. v. Mayor*, 9 Iowa, 297; *Grapengether v. Fejervary*, Id., 163.

3. ——: ——: priority.

IV. Landis purchased under his foreclosure sale on the 21st day of June, 1873. He did not procure his sheriff's deed until the 23d day of October, 1874, one year and four months from the date of the sheriff's sale. It is claimed that plaintiff is not entitled to any relief because Landis did not procure and record his sheriff's deed within twenty days from the expiration of the time for redemption, as provided in section 3125 of the Code. This section provides that the publicity of the proceedings shall be constructive notice of the rights of the purchaser until twenty days from the expiration of the time for redemption, but no longer. The evidence, however, shows clearly that Schreiber, at the time of his purchase, had actual notice of the claim of plaintiff. The failure to take the sheriff's deed is, therefore, not material.

4. ——: foreclosure: notice.

V. The defendant Schreiber holds the certificate of pur-

chase under the foreclosure of the fourth and fifth of the Hiller notes, the lien to secure which is, as we have seen, junior to the lien held by Landis. Appellants now insist that Schreiber, as the holder of the junior incumbrance, has a right to redeem from Landis, and that time should have been given him for that purpose. No such claim was made in the court below, nor would such relief be consistent with any issue presented. The defendant in his answer denies that Hiller sold or transferred any interest in the mortgage to Landis, and avers that Landis never had any transfer of the mortgage, or any interest in it, or possession of it. The only relief asked is that plaintiff may take nothing by his petition. Whilst the court might, properly perhaps, have given the defendant an option to redeem within a short period, we cannot reverse the case because defendant was not allowed what he in no manner claimed. Whether he may still bring his action to redeem, we do not determine.

VI. It is claimed by appellants that the decree goes beyond the case made in the bill. Schreiber claims under the Mitchell judgment and decree, the sheriff's deed to Beemer, the deed from Beemer; and the quit-claim from Hiller. The court decreed that all of these be canceled. There is neither necessity nor propriety for the decree going this length. A decree vesting the interest of Schreiber in the plaintiff, and entitling the plaintiff to the possession of the property, is all that is necessary or proper. Still, we do not see that the decree, in so far as it goes beyond the relief above named, works any prejudice to appellants. If all the interest of Schreiber is vested in plaintiff, it makes but little difference to defendants what is done with the preceding muniments of title.

VII. It is claimed that the decree must be reversed because the administrator of Landis was substituted as plaintiff, 5. ADMINIS-     instead of his heirs. The action was commenced TRATOR: par-ty: practice. by Landis in September, 1874, and in April, 1875, the defendants answered. In March, 1876, Landis died, and on the 24th day of April, 1876, Walker, the administrator, was upon his application substituted as plaintiff, and it was ordered

that the suit should proceed in his name.   He filed a supplemental petition simply reaffirming what had been set forth in the petition of Landis.   If it was necessary that the administrator should obtain control of real estate for the payment of debts, perhaps he might prosecute this suit as plaintiff.   But no reason was assigned why the administrator should conduct the suit, and, in the absence of any such showing, we think the heirs of Landis should have been substituted as plaintiffs. The cause will be remanded for such substitution.   But, inasmuch as appellant did not in any manner object, in the court below, that the administrator was not a proper party, and as the objection is technical, not going to the merits of the controversy, appellant will not recover costs in this court.

At the costs of appellant the cause is reversed and remanded for proceedings in harmony with this opinion.

REVERSED.