JOHN F. BASSETT *vs.* ADAMS DANIELS & another.

Suffolk.   Jan. 24. — Feb. 29, 1884.   DEVENS & C. ALLEN, JJ., absent.

A. executed a mortgage of land to B., to secure a promissory note for a specified amount. In fact the note was intended to secure advances to be made by B. After B. had made advances to an amount less than the face of the note, he executed an assignment of his "interest" in the mortgage and note to C., and indorsed the note in blank, without recourse. B. then sold the note and mortgage to D. for certain property, and delivered to him the note, on which an instalment of interest was then overdue, the assignment to C., and what purported to be an assignment from C. to D. There was no such person as C. in existence; but D. acted in good faith and without notice that the note was given for future advances. After D. had notice of all the facts, he took a new assignment from B. When D. took the note, he believed it to be of no value, and relied only on the land as his security. *Held*, on a bill in equity by A. against D., that A. was entitled to redeem only on paying the full amount of the note.

HOLMES, J.   This is a bill in equity against Adams Daniels and Sydney P. Pratt to redeem certain land in Boston from seven second mortgages. The plaintiff executed the mortgages to Pratt to secure seven promissory notes for $2000 each. In fact the notes were given for future advances to be made by Pratt. The amount of the advances made, after deducting payments made by the plaintiff, is $1102.42. Pratt indorsed the notes in blank, without recourse, and executed what purported to be an assignment of his "interest" in the mortgages and notes to Charles E. Barker. Then Pratt caused the notes and mortgages to be sold in the name of Barker to Daniels, and delivered to him the notes and what purported to be an assignment of the mortgages by Barker to him, Daniels delivering to Pratt for Barker a deed to Barker of real estate, five bonds of the city of New Orleans, and the assignment of a judgment. There was no such person as Barker in existence, but Daniels was acting in good faith and without notice. At a later date, after he had received notice, Daniels took a conveyance directly from Pratt.

Under these circumstances, the plaintiff claims the right to redeem by paying the amount that would have been due Pratt, had he kept the notes; and Daniels insists that he is entitled to the whole amount of the notes.

Of course, unless Daniels got a good title to the notes by the supposed purchase from Barker, he stands in no better position than Pratt. On the other hand, if he did, it is immaterial

whether the deed from Barker conveyed anything or not. For if the deed conveyed nothing, then Pratt held the legal title as mortgagee in trust for Daniels, and the plaintiff could not redeem without paying Daniels whatever the latter was entitled to as holder of the notes. *Crane* v. *March*, 4 Pick. 131. *Bryant* v. *Damon*, 6 Gray, 564. *Breen* v. *Seward*, 11 Gray, 118. *Rice* v. *Dewey*, 13 Gray, 47. *Morris* v. *Bacon*, 123 Mass. 58.

The plaintiff contends that Daniels must be taken to have got no greater rights than Pratt had, because the conveyance from Pratt to Barker was only of "my interest" in the mortgages and notes. On the strength of this expression, coupled with Daniels's admission that he believed the notes worthless and placed no value on them, but relied entirely on the security, the plaintiff seeks to charge him with notice. The fact that six months' interest was overdue, is also adverted to, although it is admitted that that did not of itself dishonor the note. *North America National Bank* v. *Kirby*, 108 Mass. 497. *Railway Co.* v. *Sprague*, 103 U. S. 756, 762.

But there is nothing in this argument. Daniels's rights as indorsee of the notes for value were not affected by the degree of esteem in which he held them. The words "my interest" in the accompanying deed, whatever their effect in cutting down the title conveyed, when relied on by way of conveyance, have no independent effect as notice to the grantee of a flaw in the title referred to. The record title of Pratt was not defective, as was that of Jackson in *Strong* v. *Jackson*, 123 Mass. 60. Neither was his actual title. He was the sole owner of the notes and mortgages, and of each and every part of them. If the words "my interest" were notice of anything, it could only be of a defect of title; certainly not of the fact that the owner had received the notes for future advances which had not been completed.

The only question, therefore, is whether the supposed sale from Barker conveyed a good title to the notes. At first sight, the formal elements of a complete agreement seem to be wanting. The supposed principal party on one side did not exist. If a sale or barter took place, it must have been between Daniels and Pratt; yet Daniels purported to transfer and convey his property to Barker, not to Pratt, and Pratt was ostensibly the servant, not the principal, in the exchange. One who purports

to contract in the name of another does not make the contract his own, simply because he acts without authority and fraudulently. Even the fact that he uses a fictitious name as part of his fraud does not alter the case, unless he has actually used the name as his own. *Bartlett* v. *Tucker,* 104 Mass. 336. So as to sales. *Aborn* v. *Merchants' Despatch Transportation Co.* 135 Mass. 283. *Hardman* v. *Booth,* 1 H. & C. 803. *Cundy* v. *Lindsay,* 3 App. Cas. 459.

But when the bargain has been executed on both sides, and in the manner shown in this case, obviously it would be carrying respect for form a great way if we should deny Daniels's right to insist upon the transfer to himself as valid when he wishes to do so. He has got the thing he meant to have from the real owner by the owner's voluntary act, and he has done in return what the real owner wanted him to do. When Pratt handed over the notes, and represented, as he necessarily did by setting the transaction on foot, that his delivery was effectual to pass the title, the title passed. And if, through his fraud, the transfer was put in a form in which it could not be supported, the law will supply another. If a fiction be necessary in order to reach the result, Pratt must be taken to have adopted the name of Barker for the purposes of this transaction. See *David* v. *Williamsburgh Ins. Co.* 83 N. Y. 265. It is not difficult to hold that a fraudulent actor, dealing with his own property, shall be peremptorily assumed to have dealt with it in such capacity as to pass the title to a *bona fide* purchaser, without regard to his actual intent or ostensible function.

As to the consideration, if Pratt, through his own fault, has any trouble about the title to the land conveyed to Barker, that is his affair, not Daniels's. It is enough that Daniels renounces all claim to it. Whether he could have done otherwise, and, the transaction being sufficient to bind Pratt, whether Daniels could have insisted on any *delectus personarum* in an executed transaction, on the ground of fraud, it is unnecessary to inquire.

*Decree affirmed.**

*E. S. Mansfield,* for the plaintiff.
*J. H. Benton, Jr.,* for Daniels.

---

* The decree was that the plaintiff be allowed to redeem on payment of the full amount of the notes and interest.