JOSEPH H. NORTON *vs.* CHARLES E. PALMER.

Berkshire.    Sept. 4. — Oct. 21, 1886.    DEVENS, W. ALLEN, & C. ALLEN, JJ., absent.

A mortgage of land was given to secure the payment of a certain sum of money in instalments at different dates, for which promissory notes were given. A. held two of the notes by gift from a person, to whom they were indorsed by the mortgagee, with an oral agreement to hold the mortgage in trust to secure them. The mortgagee afterwards transferred the other notes and the mortgage to B., who had notice of this agreement. B. received payment of his notes, surrendered them to the mortgagor, and afterwards assigned the mortgage to A. Interest was paid on the two notes held by A., and the mortgage was recognized as outstanding by the mortgagor, who conveyed the land to C. by a deed which also referred to a mortgage as outstanding. *Held*, that A. could maintain a writ of entry to foreclose the mortgage against C., brought within twenty years of such payment of interest, although the notes were barred by the statute of limitations.

HOLMES, J.    This is a writ of entry, dated January 15, 1884, to foreclose a mortgage given by Henry Palmer to Willis Strickland in October, 1837, to secure a series of promissory notes payable at different dates. The condition of the mortgage was the payment of the sum of $2100, in specified sums and at various times mentioned, the last instalment being payable on

April 1, 1850. On performance of the condition, the deed and thirteen promissory notes were to become void. The notes were not witnessed. The demandant holds two of these notes by gift from Allen Hawley, to whom they were indorsed by the mortgagee, with an oral agreement to hold the mortgage in trust to secure them. The mortgagee afterwards transferred the other notes and the mortgage to Lyman Strickland, who had notice of this agreement. Lyman Strickland received payment of his notes, surrendered them to the mortgagor, and later assigned the mortgage to the demandant.

The main argument for the tenant, as we understand it, is, that a transfer of one of several mortgage notes carries no equitable interest in the mortgage if nothing is said, and that an oral understanding that it shall remain secured is an attempt to create a trust without writing, which does not help the case ; and that, the two notes held by the demandant thus having been detached from the mortgage, it was satisfied when the other notes were paid, and the demandant got no new rights under it by the subsequent assignment to him. The fallacy is in the first premise, which presses a mere suggestion made by Chief Justice Shaw, but without expressing an opinion, in *Young* v. *Miller*, 6 Gray, 152, 154, 156, as to whether a trust would be implied if nothing was said, into authority for a much broader proposition. When the understanding is, that the mortgage shall continue to secure the note according to its terms, there is no more difficulty in making the mortgagee a trustee for the holder of one note than there is in making him a trustee for the holder of all, when all are transferred, and *Young* v. *Miller* intimates as much. Moreover, Chief Justice Shaw's doubt does not seem to have been felt by those courts before which the question has come for decision. *Moore* v. *Ware*, 38 Maine, 496. *Keyes* v. *Wood*, 21 Vt. 331. *Belding* v. *Manly*, 21 Vt. 550. *Donley* v. *Hays*, 17 S. & R. 400. *Pattison* v. *Hull*, 9 Cowen, 747. *Cooper* v. *Ulmann*, Walk. (Mich.) 251. *Walker* v. *Schreiber*, 47 Iowa, 529. See *Bassett* v. *Daniels*, 136 Mass. 547, 548. The mortgage was not extinguished by payment of Lyman Strickland's notes, but remained outstanding in trust, seemingly without question on the part of the mortgagor, and was afterwards lawfully transferred to the demandant, who was equitably entitled to it.

Interest has been paid on the two notes, and the mortgage has been recognized by the mortgagor within twenty years as outstanding. The deed from the mortgagor to the tenant also refers to a mortgage as outstanding, which the court may well have found to be the one in suit. If the notes were barred by the statute of limitations, the mortgage was not, and a writ of entry could be brought upon it. *Thayer* v. *Mann*, 19 Pick. 535.* *Heburn* v. *Warner*, 112 Mass. 271, 274. *Hancock* v. *Franklin Ins. Co.* 114 Mass. 155, 156. *Hannan* v. *Hannan*, 123 Mass. 441, 442.

We do not discover what the tenant has to complain of in the ruling that, on the facts found and properly to be found from the evidence, the mortgage was valid in the hands of the demandant. The findings of fact set forth seem to have been required by the evidence, and there was other evidence not reported. *Exceptions overruled.*

*J. Branning*, for the tenant.

*J. Dewey*, for the demandant, was not called upon.

---

* The exact language of the condition of the mortgage in *Thayer* v. *Mann* does not appear in the report. It is there stated that " the mortgage was conditioned for the payment of three promissory notes." Mr. Justice Putnam, however, states that " a reference to the condition contained in the mortgage shows that it is to be and remain in full force until the debt shall be paid." From the mortgage on file in the office of the clerk of the courts in Norfolk county, it appears that the condition was as follows: " Provided nevertheless, that if the said Thomas Stanley Mann, his heirs, executors, or administrators, pay to the said Cobb, his heirs, executors, administrators, or assigns, one sum of six hundred dollars on demand, with interest from the twenty-fourth day of February last, and one sum of three hundred and fifteen dollars on demand, with interest from the twenty-fifth day of said February, and one sum of five hundred and eighty-five dollars on demand, with interest from this date, then this deed as also three certain notes, bearing date as aforesaid, given by the said Thomas Stanley Mann to pay the same sums at the times aforesaid, shall all be void, otherwise shall remain in full force."