## PENZEL V. BROOKMIRE.

MORTGAGE: *To secure several notes: Precedence of payment.*

The maker of several promissory notes executed a mortgage to secure their payment. The notes matured at different times and the mortgage contained no stipulation as to the order in which they should be paid. The

mortgagee assigned them to different parties, and at different dates, without any agreement with either of his assignees as to the precedence of payment. On a sale of the mortgaged property, the proceeds were not sufficient to pay all the notes. *Held:* That in the absence of any special equities arising out of the assignments, the proceeds of the sale should be applied *pro rata* in part payment of the several notes, irrespective of the dates of their maturity or assignment.

APPEAL from *Yell* Circuit Court.

G. S. CUNNINGHAM, Judge.

*Hall & Carter*, for appellants.

We submit that when West Brothers assigned to Hall & Carter, attorneys for Charles F. Penzel, the note first due, they assigned the mortgage *pro tanto* and not *pro rata*. This is the equitable rule as between assignor and assignee, and if at a later date, West Brothers transferred the remaining two notes to appellees, such transfer could not affect the right of appellants. *Parkhurst et. al. v. Watertown Steam Co.*, supreme court of Indiana, October 14th, 1886.

The notes have preference according to the date of their maturity. *State Bank v. Tweedy*, 8 Blackf., 447; *Doss v. Ditmars*, 70 Ind., 451; *Richardson v. McKim*, 20 Kan., 346; *Walker v. Schreiber*, 47 Iowa, 529; *Winters v. Frank lin Bank*, 33 Ohio St., 250; *Grapengether v. Feyinverry*, 9 Iowa, 163; *Hafford v. Gottberg*, 54 Mo., 271; *Rankin v. Majir*, 9 Iowa, 297; *People's Saving Bank v. Finney*, 63 Ind., 460; *Bank of the N. S. v. Covert et al.*, 13 Ohio, 240.

The assignment of the note first due, to appellant, was sufficient to give it priority. *Noyers v. White*, 9 Kan., 640; *Foley v. Ross*, 123 Mass., 557; *Bryant et al. v. Damon*, 6 Gray, 564.

*Jacoway & Jacoway* and *W. A. Nolen*, for appellees.

Upon default the entire debt became due and the respec-

tive holders were entitled to share *pro rata* without prefer-ence. Jones on Mortg., 3d Ed., vol. 2, par. 1701 *a* and note 1; Ib., par. 1703, note 5, par. 1179, note 5, and par. 1701, notes 3 and 4; 2 Hill. Mortg., 4th Ed., p. 249 and notes.

The assignee of the note which first matures is not entitled to priority, but to equality only of payment from procceds of security. Boone on Mortg., par. 91 and notes 1, 2, 9 and 10; 2 Hill. Mortg., 4th Ed., 249.

BATTLE, J.

On the 16th of March, 1885, James Quigel executed to West Brothers three promissory notes, one for $150 due on the 16th of June, 1885, one for $125 due on the 16th of August, 1885, and the other for $116 due on the 16th of November, 1885, and at the same time executed a mortgage to secure their payment. On the 17th of March, 1885, West Brothers transferred the note for $150 to Charles F. Penzel, and thereafter transferred the one for $125 to H. Friedlander & Son, as collateral to secure a debt, and the one for $116 to Brookmire, Rankin & Scudder. After the maturity of the first two notes, Penzel took possession of a part of the mortgaged property, and sold the same, with the consent of all parties concerned, at private sale, for $216 on a credit, of which $50 have been collected.

The mortgage contained no stipulation as to the order in which the notes should be paid. It is not alleged in the pleadings, and was not claimed in the court below and is not insisted on here, that there was any agreement between the mortgagees and any one of their assignees as to the order of precedence each note should take, or that there was any special equities arising out of the assignments. There is no

issue of that kind in the case.  Appellants insist that Penzel should be first paid out of the property mortgaged, because he is the holder of the note first falling due and first assigned; and appellees insist that the proceeds should be paid ratably upon the notes, without regard to the order in which they fell due or were assigned.  The only question here is, which of these contentions is correct?

MORT-
GAGE:
To secure
several notes

In the absence of such a stipulation or agreement, or special equities, the authorities are not agreed as to how the proceeds of the sale of property, mortgaged to secure the payment of several notes and sold under the mortgage, shall be appropriated, when the notes secured mature at different times, have been assigned to different persons, and the proceeds are not sufficient to pay all of them.  One class holds that the notes shall be paid in the order of their assignment. *McClintic v. Wise*, 25 Grat., 448; *Cullum v. Erwin*, 4 Ala., 452; *Griggsby v. Hair*, 25 Ala., 327; *Waterman v. Hunt*, 2 R. I., 298.  Another, that the notes should take precedence in the order of their maturity.  *Mitchell v. Ladley*, 36 Mo. 526, 530; *Sargent v. Howe*, 21 Ill., 148; *Vansant v. Allman*, 23 Ill., 30; *Koester v. Burke*, 81 Ill., 436; *S:ate Bank v. Tweedy*, 8 Blackf., 447; *Doss v. Ditmars*, 70 Ind., 451; *Marine Bank v. International Bank*, 9 Wis., 57, 64; *McVay v. Bloodgood*, 9 Porter (Ala.), 547; *Richardson v. McKim*, 20 Kans., 346, 350; *Hinds v. Mooers*, 11 Iowa, 211; *Walker v. Schrieber*, 47 Iowa, 529; *Wilson v. Haywood*, 6 Fla., 171, 190; *Kyle v. Thompson*, 11 Ohio St., 616; *Winters v. Franklin Bank*, 33 Ohio St., 250.  And a third class, that the proceeds should be applied *pro rata* in part payment of the several notes, irrespective of their dates of maturity or assignment.  *Donlay v. Hays*. 17 S. & R., 400, 404; Cowden's Estate Appeal, 1 Penn. St., 278;

Mohler's Appeal, 5 Penn. St., 418, 420; Perry's Appeal, 22 Penn. St., 43, 45; *Grattan v. Wiggin*, 23 Cal., 16; *Dixon v. Clayville*, 44 Md., 573, 578; *English v. Carney*, 25 Mich., 178, 181; *McCurdy v. Clark*, 27 Mich., 445, 448; *Parker v. Mercer*, 6 How. (Miss.), 320, 324; *Cage v. Iler*, 5 Smede & M., 410; *Pugh v. Holt*, 27 Miss., 461; *Andrews v. Hobgood*, 1 Lea (Tenn.), 693; *Exchange Bank v. Beard*, 49 Texas, 363; *Delespine v. Campbell*, 52 Texas, 4; *Wilson v. Eigenbrodt*, 30 Minn., 4.

The authorities which hold that the notes should be paid in the order in which they were assigned, do so upon the ground that the debt secured was the principal and the mortgage an accessory; and that the transfer of a part of the debt carried with it the assignment of so much of the lien created by the mortgage as is necessary to pay the part assigned, as effectually as it existed in the mortgage; and that no second assignment can divest the first assignee of his lien and preference.

The courts adhering to the doctrine that the notes should be paid in the order of their maturity, say that the debt is the principal thing and the mortgage to secure it is only an incident; that the assignment of the debt passes the mortgage without being referred to in the assignment; that "the assignee of the debt takes the security by the assignment, in the same condition and to the same extent it was held by the payee at the time of the assignment, as security for the debt assigned, and succeeds under it to all the rights of the assignor;" that the assignor, the payee, in the absence of a stipulation to the contrary, had the right to foreclose the mortgage when default should be made in the payment of the notes first falling due, and as each one should fall due, and satisfy them out of the proceeds in the order of their

maturity, so far as the proceeds would extend, although there should not be enough to pay all; and that, therefore, inasmuch as the assignee, by the assignment of any one of the notes, succeeded to the rights which his assignor had, he has the right, in the event there is not enough to pay all, to be paid out of the mortgaged property so far as it will extend, according to the order in which his note stands in the line of maturity with the others secured by the mortgage; and that "the different installments in a mortgage, when secured by corresponding notes, may be regarded as so many successive mortgages, each having priority according to its time of becoming payable."

The reasons assigned for the two doctrines first mentioned are not convincing. While the notes were in the hands of the mortgagee there could be no priority of liens. He was not bound to foreclose when default was made in the payment of the note first falling due. He could have waited until all became due, and then, if the mortgage empowered him to sell when default should be made in the payment of any one of the notes, have sold the property and appropriated the proceeds of the sale, if the mortgage did not forbid, to the payment of any of the notes, if there were not more than enough for that purpose. *Saunders v. McCarthy*, 8 Allen, 42; *Allen v. Kimball*, 23 Pick., 473; *Matthews v. Switzler*, 46 Mo., 301. If he appropriated the proceeds to the payment of the note first falling due, it thereby attained a preference, through the act of the mortgagee, and so might have the second or last in the same manner. The mortgagee being the owner of all the notes, unrestricted by the mortgage, can give the preference in the appropriation of the proceeds to either of them by virtue of his ownership and control over the entire mortgage debt; and the question of

preference or right to priority in payment out of the proceeds can only arise when there is a diversity in the ownership of the debt secured. Hence, the assignment of one of the notes could not, *ipso facto*, carry with it the right to be paid in preference to the other notes, because the mortgagee had the right to appropriate the proceeds of the sale of the property mortgaged to its payment; for the condition on which the mortgagee could have exercised the power, does not exist in the case of the assignee of one of the notes; and for the same reason it follows that the assignee of the note first falling due is not entitled to preference, because the mortgagee could have given preference in the appropriation of payments when he owned all the notes.

The comparison of a mortgage given to secure several notes to successive mortgages given to secure each one of them does not support the doctrine it is made to prove. To make the cases analogous, the mortgages to secure each note must bear the same date, and be executed, delivered and filed for record, and recorded, at the same time, and the property mortgaged must be the same. In the latter case the mortgages would be concurrent; neither one would have preference over the others, and all would have equal claims to be paid ratably out of the property mortgaged. If one should be transferred to a third party it would not thereby become paramount to the others, but all would stand on an equality. Hence the comparison does not sustain the doctrine that the notes, while in the hands of different persons, are entitled to priority of payment according to the order in which they mature.

We do not think that either of the doctrines laid down by the two classes of decisions first mentioned is sustained by reason or equity. The notes are secured by one mortgage,

*Precedence of payment.*

executed for the equal benefit of all. It does not provide that one note shall be preferred to the others, but secures all equally or *pro rata*. The legal title to the property mortgaged is conveyed and held for the benefit of all. The rights and interests acquired in the property begin with the date of the mortgage, and not from the maturity or assignment of the notes, or the time when the cause of action arises. There can be no priority of rights in favor of one against the others, as the mortgage is one. The simple assignment of the notes does not change the mortgage and make it any less security for any of the notes than it was before the assignment. The mortgage security, in following the transfer of the notes as an incident, does not pass by the assignment any farther than it was an incident at the time the transfer was made. The holders of the notes, therefore, stand *æquile jure*, and consequently are entitled to participate ratably in the fund derived from the security, if there be not enough to pay all.

The decree is affirmed.