JOHNSON *v.* JONES.

Opinion delivered February 5, 1923.

1. CORPORATIONS—PREFERENCE BY INSOLVENT CORPORATION—LIMITA-TIONS.—Under the statute prohibiting preferences by insolvent corporations, which provides that no such preference shall be set aside unless complaint be made within 90 days, a mortgage by an insolvent corporation cannot be assailed as a preference several years after it was executed.

2. SUBROGATION—FIRST AND SECOND MORTGAGE.—Where trustees of a corporation, authorized to borrow $16,000 to pay part indebtedness, executed a mortgage for $10,000, and, this amount proving to be insufficient, executed a second mortgage for $5,000, the holders of the second mortgage could not claim equality of lien under the doctrine of subrogation, since none of the money was used to pay the first loan.

3. MORTGAGE—EFFECT OF SUCCESSIVE DEEDS.—Where corporate stockholders authorized the directors to mortgage the corporate assets to the extent of $16,000 to pay existing indebtedness, and the directors first borrowed $10,000, executing a mortgage to secure same, and thereafter borrowed $5,000, and executed a second mortgage therefor, in which the warranty excepted the prior mortgage, *held* that the first mortgage gave a prior lien, and the holders of the notes secured by the second mortgage were not entitled to claim the entire transaction as a single loan.

4. MORTGAGES—PRIORITY.—Where a corporation executed two mortgages at different times to different persons and for different debts, the priority of lien in the first deed is not discharged because the proceeds of both instruments were applied to the payment of corporate debts which were outstanding before either deed was executed.

5. MORTGAGES—FORECLOSURE OF JUNIOR MORTGAGE.—In an action to have a mortgage declared equal in priority with another mortgage which was prior in time, with alternative prayer for foreclosure of the first-mentioned mortgage, where the first relief was properly denied, it was error to deny the alternative relief.

Appeal from Garland Chancery Court; *J. P. Henderson,* Chancellor; reversed in part.

*A. B. Belding* and *Gibson Witt,* for appellant.

The corporation is, and was at the time both loans were made, insolvent, and the money received by it on

the loans inured to the benefit of all its stockholders alike. It is manifest that a preference is being sought in favor of one class of creditors over other creditors, contrary to the law. C. & M. Digest, §§ 1798, 1799 and 1800; 67 Ark. 11; 124 Ark. 422. All the assets of an insolvent corporation are equally liable for the payment of all of its creditors. 96 Ark. 1; 54 Ark. 580; 58 Ark. 17; 107 Ark. 424; 107 Ark. 118; 123 Ark. 575. The beneficiaries under the two deeds of trust are entitled to be subrogated to the rights of the original creditors whose claims they furnished the money to pay. 37 Cyc. 363; 108 Ark. 558; 39 Ark. 542; 3 Pom. Eq. Juris. 1212; 37 Cyc. 378, and authorities cited in note; 38 Cyc. 395.

*Calvin T. Cotham* and *L. E. Sawyer,* for appellees.

1. Appellant's reference to the statute dealing with preferences has no application in this case. This corporation has never been adjudged insolvent by the chancery court; and there are no proper allegations in the complaint and amended complaint of insolvency, nor is there any prayer that the court take charge of the assets of the corporation. 39 Ark. 562; 102 U. S. 148. There is no sufficient allegation in the pleadings or exhibits that the action of the corporation in executing the deeds of trust was in contemplation of insolvency. C. & M. Digest, § 1800. The statute does not prevent a corporation from giving a first and second mortgage, if necessary, for the payment of its debts. It was never intended to destroy the priority of mortgages given in good faith to secure present advances of money for use in the payment of the corporation's debts. 10 Cyc. 1261; 7 R. C. L. 751; *Id.* 755. See also 97 Ark. 57.

2. Subrogation has no application under the facts in this case. If appellant had paid off the first deed of trust for his own protection, he might be subrogated to the rights of his fellow mortgagees in the first deed of trust, but that is not the case. 34 Ark. 113; 76 Ark. 245; Sheldon on Subrogation, 127, par. 3; Harris on Sub-

rogation, par. 29; 90 Ark. 51; 6 Pomeroy, Eq. Jur., par. 866.

SMITH, J. After twice amending her complaint, appellant elected to stand upon it, a demurrer thereto having been sustained, and this appeal is from the decree dismissing it.

Appellant is the widow and administratrix of Thomas E. Holland, who was a stockholder, director and president of the Pasteurized Milk Company, a domestic corporation having its principal place of business in the city of Hot Springs.

The complaint alleged that on and prior to November 3, 1917, the corporation had become largely indebted to various parties in sums aggregating approximately $16,000. On that date a stockholders' meeting was held for the purpose of considering the affairs of the corporation, and a resolution was adopted by them authorizing the directors of the corporation to borrow the sum of $16,000 for the purpose of paying the existing debts and to mortgage all the assets of said corporation as security to the persons making the loan. A copy of this resolution was made an exhibit to the complaint.

It was alleged that, pursuant to said resolution, and under and by virtue thereof, the directors of said corporation, on the 11th day of December, 1917, borrowed the sum of $10,000 from certain of the defendants, who were directors and stockholders of the corporation, and notes were executed by the corporation to each of said parties for the amount loaned. The complaint further alleged that "said sum" ($10,000) "being thought at the time sufficient to liquidate the indebtedness of the company sufficiently to enable it to continue the operation of its business." And further, "that thereafter, to-wit, on the 16th day of October, 1918, it having first been ascertained that the loan first made by the above named defendants was not sufficient to liquidate the indebtedness of said company, and that the amount first borrowed by said company was left to the determination of the board of directors, who fixed the amount at ten

thousand dollars, a further resolution by the said board of directors was passed, authorizing the completion of the loan first authorized, by the execution of notes of the said company in the sum of five thousand dollars, and the execution to defendant Robt. Neil, as trustee, of a second mortgage on the property described in the deed of trust executed as security for the amount of money first loaned to said company," etc.

It appears from the exhibits to the complaint that a resolution of the board of directors preceded each of these loans, and the resolution under which each loan was made was incorporated in the deed of trust securing the loan.

In the first resolution it was recited that, "whereas, the said party of the first part, desiring to raise money for the purpose of discharging or paying the debts against said corporation heretofore necessarily incurred in its business, has, by a resolution of its board of directors, duly authorized the negotiation of a loan in the sum of $10,000, and the execution and delivery of a deed of trust, conveying all of the property, both real and personal, belonging to said corporation, for the purpose of securing said loan," etc.

The second deed of trust recited that a resolution of the board of directors had been duly adopted authorizing the negotiation of a loan in the sum of $5,000, and the execution of a second deed of trust conveying all the property of the corporation for the purpose of securing that loan. This second deed of trust recites that the authority of the directors was derived from the resolution of the stockholders adopted on November 3, 1917, and contained the usual covenants of warranty, but excepted from the warranty the first deed of trust dated December 11, 1917.

After setting out these facts, the complaint prayed that the two deeds of trust be treated as a single instrument, securing a single debt, and there was a prayer that the court take over the assets of the corporation, order them sold and prorate the proceeds of such sale to the

holders of the indebtedness secured by the second deed of trust in proportion to the amount of their holdings, and without reference to the deed of trust by which the indebtedness was secured.

In other words, the stockholders authorized the directors to borrow $16,000. The directors were of opinion that a loan of $10,000 would suffice, and borrowed that sum of money on December 11, 1917, and executed a mortgage of the company's assets. This loan proved insufficient, whereupon the directors, under the authority of the original resolution of the stockholders, borrowed an additional $5,000, and gave a second mortgage on all the company's assets, being the same property conveyed in the first deed of trust. The second deed of trust recited the second resolution of the board of directors adopted when it was decided to borrow the $5,000, and mentions the fact that the first loan was not for the full amount authorized by the stockholders' resolution, and that the $5,000 was badly needed to pay off and discharge pressing debts and obligations and to successfully carry on the business of the company.

It is first argued, for the reversal of the decree of the court sustaining the demurrer to the amended complaint, that the court permitted an insolvent corporation to prefer certain of its creditors, in violation of the statute preventing preferences among creditors of insolvent corporations.

The good faith of these mortgages is not questioned. Indeed, appellant's intestate was the president of the company, and, as such, executed both deeds of trust. It appears that the persons advancing the money under both deeds of trust were stockholders, and five of them were directors. The resolutions authorizing the loans did not specify that the money should be borrowed from either directors or stockholders, and the loans could have been made under the resolutions by any person who was willing to make them. The first $10,000 was advanced as follows: Rix, Van Leer and Jones, each $2,000; Collings, $1,000; Stearnes, $1,500; Holland and Hebert,

$500 each; Solmson and Berg, $250 each. The loan cov-
ered by the second mortgage was made by Rix, Jones,
Van Leer, Collings and Holland, who each advanced a
thousand dollars. Stearnes, Hebert, Solmson and Berg
advanced no part of the $5,000. Holland is the only
person who advanced parts of both loans, and whose in-
terest in the second loan was greater than his interest
in the first loan. It would therefore be to the advantage
of his estate if the court should hold that the two mort-
gages covered a loan of $15,000, negotiated under the
resolution of November 3, 1917; and we think the real
point in the case is whether it is true there was in fact
but a single loan.

In answer to the contention that the corporation is
preferring certain of its creditors, it is pointed out that
the beneficiaries in the deeds of trust were not creditors
prior to the execution of those instruments; and those
instruments were not executed for the benefit of the
*cestuis que trust* in the sense that they were being paid
demands due them, but they themselves advanced money
to be used in paying other creditors, and the deeds of
trust were executed to secure those advances.

However that may be, the statute sought to be in-
voked cannot be applied, for the reason that these deeds
of trust were executed on December 11, 1917, and Oc-
tober 17, 1918, and this suit was not filed until Novem-
ber 3, 1921; whereas the statute against preferences pro-
vides that ''no such preference shall be set aside unless
complaint thereof be made within ninety days after the
same is given, or sought to be obtained.''

We think appellant is not entitled to the relief
prayed under the doctrine of subrogation, as contended
by her. The loan of $10,000 did not pay all the debts:
the loan of $5,000 did not pay any part of the $10,000
loan; and the beneficiaries in the two deeds of trust are
not the same. The beneficiaries in the $10,000 deed of
trust are entitled to their security, whatever it is, and
they are not required to share it with the beneficiaries
in the second deed of trust, unless those instruments are

construed as being in fact one instrument, securing one debt, and that a debt of $15,000 incurred under the stockholders' resolution authorizing the negotiation of a loan of $16,000.

As we have said, the beneficiaries are not the same in the two deeds of trust. It is true the money secured by both deeds of trust was used in paying debts outstanding before the execution of either deed of trust; but the loans were made under separate resolutions of the board of directors, and the first resolution passed by that body recited the fact that $10,000 was believed to be sufficient to answer the purpose of the stockholders' resolution. Under that resolution, and the recitals of the first deed of trust, the beneficiaries therein were given a first lien on the company's assets. Can we assume, as a matter of law, that they would have made this loan if they had not been offered the security which the deed of trust purported to convey, and had not relied upon the recital in the directors' resolution that a loan of $10,000 would suffice? We answer this question by saying that we do not feel warranted in dividing or diminishing the security which the first deed of trust purports to give. We reach this conclusion from a consideration of the recitals of that instrument itself, and are reenforced in that view by the recital in the covenant of warranty in the second deed of trust that the warranty excepts "the deed of trust heretofore executed by the party of the first part to the party of the second part, bearing date December 11, 1917."

This case is distinguishable from the case of *Hoehler* v. *W. B. Worthen Co.*, 154 Ark. 444. There we held that bonds, issued at different times, to construct the same improvement, were without priority, the one issue over the other; but we did so because the holders of each issue derived their right to a lien on the property in the improvement district from the statute under which the district was organized. There was but a single statute authorizing a bond issue, and the lien was derived from that statute.

The case of *Penzel* v. *Brookmire,* 51 Ark. 105, was cited in the above-mentioned case. The case of *Penzel* v. *Brookmire* involved the question of priority between notes maturing at different times, and held by different parties, but secured by the same mortgage. The court held that, in the absence of any special equities arising out of the assignments of the notes secured by the mortgage, the proceeds of the sale of the mortgaged property should be applied *pro rata* in part payment of the several notes, irrespective of the dates of their maturity or assignment, and in announcing that conclusion Judge BATTLE, for the court, said: "The comparison of a mortgage given to secure several notes to successive mortgages given to secure each one of them does not support the doctrine it is made to prove. To make the case analogous, the mortgages to secure each note must bear the same date, and be executed, delivered and filed for record, and recorded, at the same time, and the property mortgaged must be the same. In the latter case the mortgages would be concurrent; neither one would have preference over the others, and all would have equal claims to be paid ratably out of the property mortgaged."

Here the deeds of trust cover the same property, but the dates are different; the beneficiaries are not the same, and the debt itself is different, and the priority of the lien of the first deed of trust is not discharged because the proceeds of both deeds of trust were applied to debts outstanding before either deed of trust was executed.

It appears that the trustee has sold certain real estate owned by the corporation, and included in both deeds of trust, for the sum of $4,000, and, as has been shown, a prayer of the complaint was that the $4,000 be distributed among the beneficiaries of the two deeds of trust ratably in proportion to the amount of the indebtedness owed by them; but, for reasons stated, that relief will be denied.

The complaint, however, contains a prayer in the alternative for judgment against the corporation for the $1,500 advanced by appellant's intestate, and for a foreclosure of this second deed of trust. The indebtedness secured by this second deed of trust is past due and unpaid, and the beneficiaries therein are, of course, entitled to foreclose this second deed of trust, subject, of course, to the prior deed of trust; and, as all parties in interest appear to have been made parties, the decree of the court below will be reversed and the cause remanded, with directions to grant the alternative relief prayed in the complaint.