JOHNSON *v.* BARRETT.

Opinion delivered June 25, 1928.

R. W. Wilson, for appellant.
A. F. Triplett, for appellee.

McHANEY, J. Appellants in each case were tenants on the farm of Mrs. J. B. Pierce, in the year 1926, Jefferson County, Arkansas. Appellee agreed to furnish them certain supplies for that year, and on the 18th day of February, 1926, took from each a note for advances already made and to be made, which notes were secured by a mortgage on certain personal property, which were filed in the recorder's office at Pine Bluff. On the 18th day of March, 1926, appellee assigned the notes and mortgages to the Bank of Sherrill as collateral security for indebtedness owed by him to the bank. Part of this indebtedness was paid in the fall of 1926, and the remainder in the spring of 1927, when the notes were

turned over to the makers by the bank, and it later reassigned the mortgage to appellee.

Each of the mortgages, in addition to reciting the indebtedness for which the note was executed, for which the mortgage was security, contained this further provision: "And also the further sum of $................., more or less, for goods, merchandise or supplies, live stock, advances or acceptances furnished and which may be furnished by the second party or parties to the first party or parties, the exact amount to be determined by the books of the second party or parties, and due and payable on the 15th day of October, 1926." Other provisions in the mortgage contemplate that the appellee might furnish additional supplies, or make additional advances, and that the mortgage given should be security therefor. Appellee made advances in addition to that represented by said notes, and, these advances not having been paid, he brought suit in the justice court to replevin the property covered by such mortgage. Appellants did not deny the indebtedness, but contended that the mortgages were not security for these supplemental debts. A judgment was rendered against appellants in the justice court, and an appeal was taken to the circuit court, where like judgments were rendered. The case is here on appeal.

The only question necessary for us to determine is stated by appellants as follows: "Could Mr. Barrett transfer the notes and mortgages on the personal property involved in this suit and yet retain a lien on the same property for the money, goods, wares and merchandise furnished after the transfer?" It is appellant's contention that the mortgage is not divisible; that appellee could not transfer same and yet retain a lien on it; that by transferring the mortgage and notes to the Bank of Sherrill, appellee had no further security for whatever advances he made thereafter under the mortgage. We cannot agree with appellant in this contention. While it is true that each mortgage was an indivisible instrument, the debts it secured were divisible. In other words, the mortgage secured a definite, certain sum, rep-

resented by the notes, and by its own language, heretofore set out, it secured, in addition, any advances thereafter to be made in addition to the sum mentioned in the note. As stated in 19 R. C. L. 389: "The indivisibility of a mortgage does not render indivisible the obligation secured, and the divisibility of a debt does not necessarily import the divisibility of the mortgage securing it."

The assignment of the mortgage and notes in these cases was not an absolute one, but was collateral security for the appellee's debt to the bank.

In the case of *Hughes* v. *Johnson*, 38 Ark. 285, quoting the first syllabus, it is said: "A mortgagee does not lose his interest in the mortgage by assigning it to his creditor as collateral security for his own debt, though he stipulates in the assignment to forfeit all interest in the mortgage if he fail to pay his debt by a specified day, and fails to pay it. The agreement for forfeiture amounts to nothing in a court of equity." *Ford* v. *Black*, 50 Ark. 256, 7 S. W. 131; *Penzel* v. *Brookmeyer*, 51 Ark. 105, 10 S. W. 15, 14 A. S. R. 15.

When appellants paid their notes at the bank which the mortgage secured, this operated as a redemption from the pledge of the mortgage to the bank made by appellee. On the mortgage being re-assigned to appellee by the bank, he was in the same situation as if no assignment had been made, and appellants are in no position to complain. They do not dispute the indebtedness, but only claim that the mortgage did not secure same. We find no error, and the judgments are affirmed.