PERPETUAL SAVINGS & LOAN ASSOCIATION, Appellee, v. GEORGE VAN ATTEN et al., Appellants.

No. 40300.

DECEMBER 9, 1930.

*Hann & Randall,* for appellants.

*Crissman, Linville & Bleakley,* for appellee.

FAVILLE, J.—George Van Atten and Ethel Smith are made parties to this action as administrators of the estate of the mortgagor, who is now deceased. No errors are assigned in their

behalf. We shall, therefore, treat the cross-petitioner, Daniels, as the sole appellant.

Prior to July, 1924, the appellant owned the real estate involved in this suit, and on July 21, 1924, a contract was entered into between the appellant and one Albright and his wife for the purchase of said premises by Albright. It appears that there was a default in the payments provided for in said contract, and notice of forfeiture of said contract was served upon Albright. Negotiations were then entered into between the parties, and final settlement was effectuated, by which the appellant deeded the premises to Albright on November 4, 1924. In adjusting said matter, Albright and his wife executed two mortgages, the one to the appellee which is now involved in this suit, and one to the cross-petitioner. Each of these mortgages was recorded on November 24, 1924. The appellee's mortgage is for the principal sum of $6,300, and provides for payment in weekly installments. Under the arrangement with the appellee, the mortgagor became the holder of 63 shares of stock of the appellee corporation, and pledged the same as security for the payment of the note secured by said mortgage. The assignment as collateral is incorporated in the note. The appellant's mortgage was made subject to the appellee's mortgage of $6,300, and said mortgage contains the following provision:

"It is understood that, from the payments made by the mortgagors on the mortgage hereinafter referred to, there are certain dividends credited to said mortgagors. Said dividends are to be applied on the payment of the debt secured by either the first or second mortgage on said described premises."

Briefly stated, it is appellant's contention that the appellee had actual notice of the terms and provisions of the appellant's mortgage, and that the appellee permitted the mortgagor to make certain withdrawals on the stock in the appellee association which was pledged as collateral security, and that appellant has been prejudiced thereby in the jeopardizing of his lien to the extent of such withdrawals. Appellant invokes the rule that the holder of a senior lien will not be permitted to jeopardize the right of a junior lien holder in the security where the senior lien holder has actual notice of the rights of the junior lien holder.

I. No question of constructive notice is involved in this case.

We first consider the question as to whether or not appellee had actual notice of the terms and provisions of appellant's mortgage. Appellant claims that the appellee acquired such notice by virtue of notice to Crissman, who was a member of the board of directors of the appellee association, and was its attorney for certain purposes. It appears from the evidence that Crissman was also the attorney for Albright, and was consulted by the latter with respect to the forfeiture of the contract for the sale of said real estate, and advised Albright in respect to the settlement which was effectuated, and by which the deed to the premises passed. It is contended in behalf of the appellant that Crissman knew of the terms and provisions of appellant's mortgage, and that he was acting also as attorney for the appellee, and was instrumental in securing the execution of appellee's mortgage by Albright, and that, because of these circumstances, the appellee is charged with notice of the terms and provisions of the appellant's mortgage.

We shall not attempt a recital of the evidence, but from a careful examination of the record, we fail to find any sufficient evidence to sustain the conclusion that Crissman had knowledge of the terms and provisions of the appellant's mortgage. It is claimed that the mortgage was drawn in Crissman's office, but even this is not perfectly clear. There is no showing that Crissman himself prepared it, or that he ever read it, or knew its terms and conditions. There is some evidence tending to show that the mortgage was prepared elsewhere, and brought to Crissman's office. It was, however, acknowledged before Crissman, as a notary public. From a careful examination of the record, we are constrained to hold that there is no sufficient evidence to justify the conclusion that Crissman had actual notice of the terms and provisions of the appellant's mortgage. He was in no way a party to said instrument, and, so far as the record shows, he did no more than to take the acknowledgment of the mortgagors thereto.

We deem the evidence wholly insufficient to charge Crissman with actual knowledge of the recitals in the appellant's mortgage.

II. In any event, if it should be conceded that Crissman

had actual notice of the terms and provisions of appellant's mortgage, we are of the opinion that, under the record in this case, this alone would not be sufficient to charge the appellee with notice of the terms of said mortgage. It is a familiar rule that notice to an attorney in respect to a matter in which he is then acting for a client is notice to the client. We have recognized such a rule in a variety of circumstances, and by way of illustration we cite the following: *Walker v. Ayres,* 1 Iowa (Clarke) 449; *Jones v. Bamford,* 21 Iowa 217; *Walker v. Schreiber,* 47 Iowa 529; *McClelland v. Saul,* 113 Iowa 208; *Farnsworth v. Hazelett,* 197 Iowa 1367.

This rule, however, is not applicable to the situation disclosed in the instant case, chiefly because of the fact that the attorney was not shown to have been acting in any way for his client, the appellee, in connection with the matter out of which the alleged notice was imparted. It is true, Crissman was attorney for the appellee, under what may properly be designated as a limited continuing employment. His duties as such attorney for the appellee appear to have been confined solely to the examination of abstracts of title to real estate upon which the appellee contemplated loaning money, and to writing opinions as to the condition of such titles. It does not appear that he had any other duties as attorney for the appellee with respect to such loans. He was a member of the board of directors of the appellee company, and doubtless performed the usual duties that devolve upon such an officer. Some attempt was made in the record to establish that Crissman had a direct connection with the making of the loan in question by the appellee; but the evidence goes no further, in our judgment, than to disclose that, according to the usual custom, he probably examined the abstract of title before the loan was made, and wrote an opinion thereon respecting its condition. There is some evidence tending to show that, at or about the time of the settlement with the appellant, Crissman may have told Albright, who was required to make a loan to finance the closing of the deal, that he (Albright) might be able to secure the necessary money for the settlement by a loan from the appellee company; but Crissman was in no way instrumental in bringing about the application for said loan or effectuating the same, except as he may possibly have examined the abstract of title and written an opinion in respect

thereto. In other words, the record does not show that Crissman was acting as attorney or agent for the appellee in the procuring of the mortgage executed by the Albrights or making the loan, and the record fails to show that he was in such a situation as agent or attorney for the appellee that notice to him of the provisions of the appellant's mortgage would be notice to the appellee company. In other words, the record fails to show such a relation of attorney and client with regard to the matter involved as to charge the client with notice of the terms and conditions of appellant's mortgage, even though it be assumed that such notice was brought to the attorney. As bearing somewhat upon the matter, see *McClelland v. Saul,* supra; *Farnsworth v. Hazelett,* supra; *Trentor v. Pothen,* 46 Minn. 298 (49 N. W. 129); *Kirklin v. Atlas Sav. & L. Assn.* (Tenn. Ch.), 60 S. W. 149.

We reach the conclusion that the trial court did not err in dismissing the appellant's cross-petition, and the decree appealed from is—*Affirmed.*

MORLING, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.