In the Matter of the ESTATE OF John Thornton YOUNG, Deceased.

**Linda Lea YOUNG and Marilyn Mae Taylor, Appellants,**

v.

**Ellen Mae YOUNG, Administrator, Appellee.**

No. 68564.

Supreme Court of Iowa.

May 18, 1983.

Stephen A. Hall of Hall, Ewalt & Hall, Indianola, for appellants.

Mason J. Ouderkirk, of Ouderkirk Law Firm, Indianola, for appellee.

Considered by HARRIS, P.J., and McCORMICK, SCHULTZ, CARTER, and WOLLE, JJ.

WOLLE, Justice.

This appeal raises two issues with respect to the sufficiency of notice to be given beneficiaries of a decedent's estate when extraordinary fees and expenses are requested by a fiduciary or the fiduciary's attorney.

Decedent's intestate estate was opened on June 19, 1979, with appellant Ellen Mae Young appointed as administrator. On March 22, 1982, the administrator filed her application for ordinary and extraordinary fees for herself and her attorney; the application contained a description and itemization of services and expenses but did not specify the amount of fees requested. On April 6, 1982, the trial court entered an order determining and allowing an amount for ordinary fees. The same order fixed April 26, 1982, at 2:30 p.m. as the time for hearing on the application for extraordinary fees and expenses and provided that notice to interested parties should be given "by mailing a copy of this Order and the Application therefor to said persons or their attorney of record by ordinary United States mail. . . ." Thereafter the application and order were mailed to attorney Stephen A. Hall but not to appellants themselves who, as beneficiaries, are conceded to be interested parties. Neither appellants nor Hall appeared at the hearing, and the trial court proceeded to determine and allow extraordinary fees for the administrator and her attorney. Thereafter the court denied appellants' application to set aside the order allowing extraordinary fees, finding service on Hall sufficient but not discussing the question whether the request for fees must specify the amount requested.

The amounts of fees and expenses are not here in issue, but appellants contend that they were entitled (1) to notice of the amounts claimed and (2) to personal notice rather than notice mailed only to attorney Hall. Appellee contends (1) that the mailed application sufficiently apprised appellants of their claim by itemizing and describing the services rendered, and (2) that Hall was appellants' attorney so service upon him complied with the order and constituted notice to appellants as his clients.

The first issue is answered by reference to Iowa Rule of Probate Procedure 2(c) which provides:

When an allowance for extraordinary expenses or services is sought pursuant to section 633.199, The Code, the request shall include a written statement showing (1) the necessity for such expenses or services, (2) the responsibilities assumed, and (3) the amount of extra time or expense involved. In appropriate cases, the statement shall also explain the importance of the matter to the estate and describe the results obtained. The request may be made in the final report or by separate application. It shall be set for hearing upon reasonable notice, *specifying the amounts claimed,* unless waivers of notice identifying the amounts claimed are filed by all interested persons. The applicant shall have the burden of proving such allowance should be made. [Emphasis added.]

Appellants did not file waivers of notice identifying the amounts claimed, so appellee as administrator was required in her request for fees to specify the amounts claimed. Indeed, the wording of Rule 2(c) makes clear that "the amounts claimed" must be specified either in filed waivers of notice or in the request itself when notice is not waived. The only reasonable meaning of "amounts claimed" in the context of "expenses or services" is total dollar amounts which the applicants request be granted to them by court order.

This Rule 2(c) requirement that the amounts claimed be specified is consistent with the more general language of Iowa Code section 633.35 which provides:

> Reports and applications for order. All reports and applications for orders in probate must be in writing, verified and self-explanatory, so that the clerk or court from a perusal thereof may understand the relief sought without explanations.

Not only interested parties but also the court, which must determine what reasonable fees should be allowed, is entitled to know the specific amounts being sought by an application for extraordinary fees.

Appellee argues that the trial court is not bound by the dollar amount of fees that might be requested, and therefore the inclusion in the notice of a specific claimed dollar amount would be surplusage. It is true that the trial court is to determine reasonable ordinary and necessary extraordinary fees upon due consideration of the factors outlined in Iowa Rule of Probate Procedure 2, Iowa Code sections 633.197–.200 (1983), and our cases construing those statutory provisions. *See, e.g. In re Estate of Brady,* 308 N.W.2d 68, 73–74 (Iowa 1981); *In re Estate of Simon,* 288 N.W.2d 549, 552 (Iowa 1980); *In re Estate of Myers,* 269 N.W.2d 127, 129 (Iowa 1978). The amount claimed, however, would constitute a ceiling on the amount that can be awarded, just as an attorney may effectively limit the amount he can receive in fees by advising a client as to what fees the client would be expected to pay. *Estate of Simon,* 288 N.W.2d at 552.

Because the defect in the form of notice mailed requires that we remand this case for further proceedings, we need not and do not decide whether service on attorney Hall was effective to provide notice to appellants under the circumstances in this case. The question need not arise in connection with the hearing to which appellants are entitled on the extraordinary fee requests, because the administrator can simply serve appellants, other interested parties, and attorneys entitled to notice with a proper form of notice, in accordance with applicable pro-

bate statutes. *See generally* Iowa Code sections 633.35–.47 (1983); *Perpetual Savings & Loan Ass'n v. Van Atten,* 211 Iowa 435, 438, 233 N.W. 746, 747 (1930) (notice to an attorney in respect to a matter in which he is then acting for a client is notice to the client).

REVERSED AND REMANDED.