### FREDERICK W. NEWHALL

*v.*

### LOUIS KASTENS *et al.*

1. INTERPLEADER—*when bill lies.* Where two parties are each claiming the same fund or property in the hands of a third person, by different or separate interests, and such third person does not know to whom it of right belongs, and as to which he is wholly indifferent as between them, he may exhibit a bill of interpleader against them.

2. SAME—*ground of jurisdiction and decree.* The ground of jurisdiction is the apprehension of danger to the party exhibiting the bill, to himself, from the doubtful and conflicting claims of the several parties, as between themselves; and the only decree the plaintiff is entitled to, is, to have liberty to pay the money or deliver the property to the party entitled thereto, and be thereafter protected from several claimants.

3. SAME—*lies whether suits are brought or not.* Such a bill may be filed, though the party holding the disputed fund has not been sued at law, or has been sued by one, only, of the conflicting claimants, or though the claim of one is actionable at law and the other in equity, and it is thought the principle would be the same whether the actions are pending in the same or different courts having concurrent jurisdiction.

4. SAME—*bill in the nature.* The owner of premises contracted with A to erect thereon a building, and to furnish all the labor and materials,

for a certain price. A sub-let a portion of the work to B, who never completed his contract, so that A was compelled to finish it at his own expense, and, after deducting from the amount that would have been due B had he completed his contract, the payments made to him and what it cost to finish his work, there remained the sum of $399.52, which both A and B claimed. The owner filed a bill, in the nature of a bill of interpleader, against A and B, also making the persons who performed labor and furnished materials for B parties defendant, who claimed liens, and some of whom had brought suits: *Held*, that the owner had a clear right to file the bill showing these facts, and that it was error to sustain a demurrer to it.

5. MECHANIC'S LIEN—*in favor of one employed by sub-contractor.* The mechanic or workman performing labor, or party furnishing materials, for a sub-contractor, is not entitled, under the statute, to any lien. The lien given does not extend further than to the sub-contractor.

6. But where a court of equity acquires jurisdiction of the fund due a sub-contractor, on a bill of interpleader, in which the persons performing labor or furnishing materials for the sub-contractor are made parties, it is the duty of the court to adjust the equities of all parties interested in the fund, as they have an equitable claim on the fund.

APPEAL from the Circuit Court of Cook county; the Hon. WILLIAM W. FARWELL, Judge, presiding.

This was a bill, in the nature of a bill of interpleader, filed by Frederick W. Newhall, against John Woolacott, Louis Reinhardt, Louis Kastens, and several others. The leading facts of the case may be found in the opinion of the court.

Mr. JOHN WOODBRIDGE, and Mr. GEORGE F. BLANKE, for the appellant.

Messrs. HAINES & TRIPP, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The only question presented by this record arises on the decision of the court sustaining the demurrer to the bill. While, perhaps, it is not strictly what is termed a bill of interpleader, it partakes of the nature of such a bill.

The facts alleged, on which relief is sought, are briefly as follows: In 1872, Newhall, complainant in the court

below, made an agreement with Woolacott, one of the defendants, by which the latter was to erect for the former a brick structure, and furnish all the materials, for which he was to receive a stipulated sum.   Woolacott sub-let the brick work to Reinhardt.   The latter never completed his contract, but abandoned the work in an unfinished condition, and Woolacott was compelled to finish it up at his own expense.

After deducting from the amount Reinhardt would have been entitled to receive, had he fulfilled his agreement, the cash payments made to him, and what it cost to finish the work, there remained the sum of $399.52.   This sum is still retained by Newhall, and it is claimed by both Woolacott and Reinhardt.

The other defendants named performed labor or furnished materials for Reinhardt, under his contract with Woolacott, and, having served notices on Newhall, claim a lien for the sums respectively due them, under the provisions of the Mechanic's Lien Law.   A number of these parties have already commenced proceedings, to enforce payment of their claims, by establishing a lien therefor upon the property of Newhall, and it is alleged others threaten to do so.

This bill is to enjoin the prosecution of these suits, and have the several parties named as defendants interplead and settle their respective rights to the funds in the hands of complainant, which he alleges he is ready and desirous to pay as the court shall direct, and for relief against a multiplicity of suits to subject his property to the payment of the several sums claimed to be due.

It will be observed, it is alleged that Woolacott and Reinhardt both claimed the same fund in the hands of appellant, and the other defendants insist on having their respective claims satisfied out of his property.   If no one other than Woolacott and Reinhardt were interested in the subject matter of this litigation, it is apparent it would be strictly a case where a bill of interpleader would lie.   So far as they are concerned, there is but one fund in controversy, and in that

appellant has no interest, and is anxious to pay it to whom it is in law due, and seeks the aid of the court to determine that question.

The case would come exactly within the definition given in the books, of an interpleader. Where two or more persons claimed the same fund or property, by different or separate interests, and another person does not know to whom it of right belongs, and as to which he is wholly indifferent as between them, he may exhibit a bill of interpleader as against them. The ground of jurisdiction is the apprehension of danger to himself from the doubtful and conflicting claims of the several parties, as between themselves; and the only decree he is entitled to, is, that his bill is properly filed, that he have liberty to pay the money or deliver the property to the party entitled thereto, and be thereafter protected from the several claimants. 3 Dan. Chan. Prac. 1754; *Mitchell* v. *Hayne*, 2 Sim. & Stu. 63; *Bedell* v. *Hoffman*, 2 Paige, 199.

Such a bill may be filed, though the party has not been sued at law, or has been sued by one, only, of the conflicting claimants, or though the claim of one is actionable at law and the other in equity; and it is apprehended the principle would be the same, whether the actions would be pending in the same court or distinct courts having concurrent jurisdiction. *Richards* v. *Salter*, 6 Johns. Chy. 445.

Mr. Story, in his work on Equity Jurisprudence, says: "Although a bill of interpleader, strictly so called, lies only where the party applying claims no interest in the subject matter, yet there are many cases where a bill in the nature of a bill of interpleader will lie by a party in interest to ascertain and establish his own rights, where there are other conflicting rights between third persons;" and the author cites a number of cases where relief has been administered on this principle. 2 Story Eq. Jur. sec. 824.

If the case at bar can be maintained at all, it is upon the doctrine of those cases. The difficulty arises on the conflicting claims of the parties seeking to establish liens, under the

statute, against the property of appellant. Their claims arose out of labor performed and materials furnished for a sub-contractor; and the question presented is, whether they had any lien, under the Mechanic's Lien Law, upon the premises, and if so, to what extent. It is not claimed they were sub-contractors under the original contractor. This question depends upon the construction that shall be given to the Mechanic's Lien Law of 1869.

By the first section of that act, every sub-contractor, mechanic, workman or other person who shall hereafter perform labor or furnish materials in conformity with the contract between the owner and the original contractor, in erecting or repairing any building, shall have a lien therefor upon the premises, upon giving notice as is required by the second section, provided the aggregate of such liens shall not exceed the contract price.

These parties, it is obvious, can not claim under the provisions of the seventh section, for the reason there has been no failure, on the part of the original contractor, to complete his work. It is shown it was finished, and the owner makes no complaint on that ground. The inquiry is, whether the mechanic or workman performing labor, or a party furnishing materials for a sub-contractor, is entitled to a lien, under the provisions of the statute. Such persons are not given a lien for their labor or materials by any express words contained in the act, nor by any construction heretofore given, nor has it been held they are within the purview of the law. The legislature has not seen fit, by the use of any express words, to extend the lien given beyond sub-contractors, and it would perhaps be a doubtful policy to extend it further. We have no inclination, by judicial construction, to extend the meaning of the act beyond the intention plainly expressed. Indeed, we have no right to do so. *Rothgerber* v. *Dupuy*, 64 Ill. 452.

It is according to equity, however, that all men should be paid for their labor and materials, and one man should not

be permitted to appropriate to his own use another man's labor or materials, without making compensation. It would appear to be just, therefore, that persons performing labor or furnishing materials to a sub-contractor, should have an equitable lien upon the consideration to be paid him for doing the work for the original contractor. They might, with great propriety, be treated as sub-contractors under him, and, in this view, be entitled to have the funds stopped in the hands of the owner, or the original contractor, for their benefit. Whether the statute will bear this construction, it is not necessary to express a conclusive opinion at this time.

The demurrer admits the allegation there is due Reinhardt, for money earned under the contract, $399.52. This fund has been withheld by appellant for the party to whom it in law belongs. Both Woolacott and Reinhardt claim it, but, in equity, it belongs to the men who did the labor and furnished the materials to earn it. Appellant could not pay it to either of them without exposing himself to injury. He had a clear right, so far as Woolacott and Reinhardt are concerned, to file a bill against them in the nature of an interpleader, and make all persons equitably interested in the funds, parties, and the court, having obtained jurisdiction, could ascertain to whom it belonged, and decree accordingly. This view is consistent with the Mechanic's Lien Law, that, where there are conflicting claims, under its provisions, all persons interested shall be made parties, and it is the duty of the court to adjust the equities between them.

It is difficult to conceive a case where a bill, in the nature of an interpleader, could more appropriately perform its office, than in the case at bar. If it is the true construction of the statute, that persons furnishing materials, or performing labor under the sub-contractor, have no lien on the premises, then it is true, the only fund out of which they could possibly secure themselves, is about to be appropriated by a party who has no just claim to it. In any view that can be taken, Newhall would be equitably entitled to have the funds in his hands

11—70TH ILL.

applied in reduction of the claims of the mechanics and material-men, and it is not perceived how it can be so appropriately done as by a bill in equity, of the character of the one filed. Chancery would be wanting in its power to do justice where the law, by reason of its universality, fails, if it could afford no relief under the facts presented by this record.

In this view of the law, the demurrer was improperly sustained.

The decree dismissing the bill and dissolving the injunction must be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Decree reversed.*