## A. A. PARTLOW
### *v.*
## WILLIAM J. MOORE *et al.*

184   119
s84a 361

*Opinion filed February 19, 1900.*

1. INTERPLEADER—*when bill of interpleader does not lie.* A bill of interpleader by a master in chancery does not lie to determine to whom a portion of the proceeds of a partition sale shall be paid, where the parties claiming the fund consist of the party entitled thereto under the decree and his assigns, each and all of whom had offered to receipt for the money if paid to any one of them, there being no dispute between them as to who should receive it.

2. SAME—*sufficiency of bill need not be tested by demurrer.* Defendants to a bill of interpleader need not demur, but may answer and rely upon the evidence being insufficient to sustain a decree.

3. MASTERS IN CHANCERY—*master is protected in executing court's decree.* A master is protected in paying money in strict conformity to a decree of court where the court has jurisdiction of the subject matter and of the parties, and the party entitled to payment under the decree, though having locomotor ataxia, is not insane.

4. SAME—*master should execute decree without evasion.* After a court of general jurisdiction has rendered a decree requiring the master to pay money to one of the parties it is the master's duty to make prompt payment, and not to search for excuses which will enable him to hold possession of the money.

*Moore* v. *Partlow*, 84 Ill. App. 361, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. F. BOOKWALTER, Judge, presiding.

OLIVER M. JONES, for appellant.

SALMANS & DRAPER, for appellees.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was a bill of interpleader brought by Agustus A. Partlow, master in chancery of Vermilion county, against William J. Moore, Albert Learnard and John Montgom-

ery.   It will not be necessary to set out the pleadings in the case or the report of the master to whom the cause was referred, as a clear understanding of the case and the questions involved may be obtained by a brief statement of the leading facts developed on the hearing.

It appears that at the May term, 1898, of the circuit court of Vermilion county, in the partition suit of *Phillips* v. *Leneve et al.*, a decree of sale was rendered, ordering the appellant, as master in chancery, to sell two tracts of real estate.   On July 9 appellant sold one tract and on August 6 he sold the other.   By the decree of distribution John Montgomery, one of the defendants, was to receive one-twentieth of the amount of these sales after the costs were deducted.   After the first sale had been made, and prior to the second sale, Montgomery sold, by an instrument in writing, to the defendants Moore and Learnard, all of his interest in the proceeds of the first sale.   The instrument of writing was acknowledged before a notary public, and authorized Moore to draw the money and receipt for the same.   Montgomery's portion of the first sale, after deducting costs, amounted to the sum of $550, for which Moore and Learnard paid the sum of $475.   There was nothing in the partition proceedings to show that Montgomery was under any disability, and the decree required the master in chancery to pay over to him the amount found to be his share in the proceeds of sale.   It further appears that after the receipt of the money by the master in chancery, Moore demanded the money, amounting to $550, from him, and that the master refused to deliver the same to him because there had been no apportionment of the costs in the two sales, and because he had received notice from Learnard and one Phillips that Montgomery was a spendthrift and not capable of managing and caring for his property.   Afterwards, Montgomery, Learnard and Moore, with their attorney, G. W. Salmans, appeared before the master and demanded the proceeds of said sale, and offered to receipt

for the proceeds of the sale, less costs, to the extent of Montgomery's interest therein. They also consented that any or all of the interest of Montgomery be paid to either of the defendants, or to all of them, and offered to execute receipts, by each of them, to the master for whatsoever was paid. The said defendants also offered to make, execute and deliver a good and sufficient bond to the said master to secure him harmless by reason of any payment he might make of such money to the defendants. After such offer the master refused to pay over the money, or any part thereof, to either or any or all of the defendants, and filed his bill of interpleader. Answers were put in, replication filed, and on the hearing the court rendered a decree in favor of the complainant, but on appeal to the Appellate Court the decree was reversed and the cause remanded, with directions to dismiss the bill.

As a general rule, a bill of interpleader lies where two or more persons claim the same fund or property by different, adverse interests, and the custodian, who is indifferent between them, does not know to whom the fund or property of right belongs. (*Newhall* v. *Kastens,* 70 Ill. 156; *Cogswell* v. *Armstrong,* 77 id. 139; *Ryan* v. *Lamson,* 153 id. 520.) Here there was no adverse claim interposed to the money in the hands of the master, and upon that ground alone the relief prayed for in the bill might be denied. It is true, Montgomery had transferred his right to the fund to Moore and Learnard; but when the master refused to make payment to Moore under the writing held by him, Montgomery, Moore and Learnard all appeared before the master and each and all offered to receipt for the fund. There was no dispute between the three parties in regard to the one who should receive the money, and if the master had made payment to any one, he was offered and could have received a receipt and release from all. Under such circumstances there was no ground for the claim that the master held a fund claimed

by different parties, and no reason existed for a resort to a court of equity to determine who of right was entitled to the money in his hands. Moreover, the decree of the circuit court, which had jurisdiction of the subject matter and of the parties, required the master to pay the money to Montgomery, and we are inclined to hold that where the court has jurisdiction of the subject matter and of the parties and renders a decree requiring the master to pay out the money, and a payment has been made in strict conformity to the decree, the master will be protected by the decree. It may be true that if, after a decree has been rendered requiring the payment of money by a master, the person to whom payment is decreed should suddenly become insane, the master might be justified in refusing payment until the court should make further or other order in the premises. But no such case is presented by this record. Here, Montgomery was in the same condition, mentally and physically, when the demand was made for the payment of the money as he was when the decree was rendered. He was afflicted with what the physicians testified was "stationary locomotor ataxia," but he was not insane. Some witnesses testified that he was not capable of transacting ordinary business but many others testified that he was; and when the evidence is all considered we do not think such a case is made as would authorize the master to withhold the money decreed to be paid him. After a court of general jurisdiction has rendered a decree requiring one of its officers to pay out money in his hands belonging to one of the parties to the action, it is no part of the duty of the officer to interpose quibbles or search for pretenses whereby he may hold the possession of the money, but duty, as well as common honesty, requires prompt payment of the money to the person named in the decree.

It is said in the argument that the sufficiency of the bill was not challenged by demurrer. A demurrer was not required. The defendants had the right to answer

the bill and rely upon the insufficiency of the evidence to sustain a decree.

We think the judgment of the Appellate Court was correct, and it will be affirmed.     *Judgment affirmed.*