## CONWAY v. YADON.

No. 18170.    Opinion Filed July 17, 1928.

(Syllabus.)

**Mortgages—Pro Rata Payment of Assignees of Serially Maturing Notes Secured by Mortgage Where Security Insufficient.**

Seven promissory notes, the first two maturing on the same date, the others on different and later dates, were secured by one real estate mortgage. The mortgagee assigned to Y. one of the two notes maturing first and later to C. all the remaining notes and mortgage. Held, that between these two assignees (there being no express stipulation on the subject) there are no priorities; but they are entitled to share pro rata in the proceeds of the sale of the lands in foreclosure if such proceeds are insufficient to pay all of said notes in full.

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; R. D. Hudson, Judge.

Action by the United States Mortgage & Trust Company, a corporation, to recover on a promissory note and for foreclosure of real estate mortgage against A. L. Bowles and wife, Susie Conway, Charles P. Yadon, et al. Conway and Yadon filed cross-petitions to recover on promissory notes and to foreclose second mortgage against same property, alleging priorities. During suit plaintiff dismissed. Each cross-petitioner granted judgment on notes and for foreclosure and determining priorities. Susie Conway appeals. Reversed, with directions.

T. L. Brown and Woodson E. Norvell, for plaintiff in error.

Carroll & Jameson, for defendant in error.

BENNETT, C. This is an appeal from the district court of Tulsa county. United States Mortgage & Trust Company, as plaintiff, brought suit against A. L. Bowles and wife, Flora Bowles, Susie Conway, Charles P. Yadon, and others. Plaintiff sought judgment on a promissory note for $9,000 executed by Bowles and wife, and for foreclosure of a first mortgage covering lots 13, 14 and 15 in block 11, Morningside addition to Tulsa.

Susie Conway filed her answer and a cross-petition seeking judgment on a series of promissory notes and the foreclosure of a second mortgage on said property securing same. Said notes and mortgage were executed by A. L. Bowles and wife payable to Alice B. Grant, and same were, before maturity, assigned by payee to this cross-petitioning defendant, who is now the owner and holder of same. Said cross-petition further alleged that said notes were executed and delivered by the makers to payee on December 2, 1925, and that said notes are for the following amounts and mature on the following dates: 1 note for $400 due in four months; 1 note for $1,600 due in four months; 1 note for $1,500 due in six months; 1 note for $1,000 due in eight months; 1 note for $2,000 due in twelve months; 1 note for $2,000 due in eighteen months; 1 note for $3,500 due in two years. Copies of said notes are attached to and made a part of the answer and cross-petition.

Charles P. Yadon, for his answer, adopts the answer of Susie Conway, and, for his cross-petition, he adopts so much of said cross-petition of Susie Conway as sets out the original execution and delivery of the series of promissory notes and real estate mortgage securing the same by said A. L. Bowles and wife, but in addition alleges that he became and is now the owner and holder of the first note of said series, to wit, the note for $400, by assignment from the payee, which assignment was made on the date of the execution and delivery of said notes and before maturity of either of same, and that said note is secured by the mortgage as set out in the answer and cross-petition of Susie Conway. He also alleges that Susie Conway is the owner and holder of the other notes in the series also secured by the second mortgage above referred to.

Charles P. Yadon further alleges that the mortgage lien protecting him in the recovery of his $400 note is prior and superior to any claim, title, interest or lien of his co-defendant, Susie Conway, by virtue of the fact that said $400 note bore an earlier maturity date than the notes held by Susie Conway.

The answering and cross-petitioning defendants demanded judgment upon their respective notes and for the foreclosure of the second real estate mortgage securing same, for costs and attorney's fees as against the makers thereof, and, as between themselves, that their priorities be determined.

During the pendency of the cause and be-

fore judgment, the original plaintiff passed out of the case by dismissing his petition, leaving the cause to be determined only upon the pleadings filed, proof offered, and the liens and priorities asserted by and between Susie Conway and Charles P. Yadon, cross-petitioners.

A jury was waived and the cause was submitted to the court upon the allegations contained in the pleadings and upon the following stipulation:

"It is agreed that the facts in this case are as follows:

"It is agreed that the facts in this case are as set out in the pleadings, and in addition thereto that the Yadon note was assigned and delivered to Yadon on the same date as the execution of all the notes in this case and was assigned to him for his commission as a real estate dealer for effecting the sale of the property covered by the mortgage involved in this action.

'That the remainder of the notes were retained by the payee, Alice B. Grant, for 30 days or more and then assigned and delivered by her to the defendant, Susie Conway, to wit, in January, 1926; that each of said defendants is now the owner and holder of the note or notes set out in their respective pleadings, and that the only question for the determination of the court is the priority of the liens created by the execution of said notes and by their respective assignments to said defendants Yadon and Conway."

Upon consideration of the pleadings and stipulation a judgment was, by the court, rendered December 13, 1926, in favor of plaintiff in error, Susie Conway, upon the notes aforesaid held by her and for the foreclosure of the real estate mortgage securing same and also in favor of defendant in error, Charles P. Yadon, upon the note aforesaid held by him, and for foreclosure of said mortgage; the court, however, at the time, reserved the question of priority as between the parties to this appeal, and later, to wit, on January 31, 1927, rendered a judgment upon the reserved question of priority to the effect that Charles P. Yadon is entitled to participate equally in time and priority on his demand for the note assigned to him in the sum of $400 with the defendant and cross-petitioner, Susie Conway, on the note for $1,600, and that the said demand on note of Charles P. Yadon, on account of its early maturity, is entitled to priority in payment over the remainder of the notes amounting to the principal sum of $10,000, now owned and held by plaintiff in error Susie Conway, for the reason that said $400

note matured by its terms on the same date that said $1,600 note matured, and both of which last notes matured by their terms before the maturity date of the remaining notes aggregating $10,000. That all of said notes were secured by one mortgage dated December 2, 1925, but the notes matured on different dates and that the same were entitled to priority in the order of their maturity.

There was a motion for new trial by Susie Conway, which was overruled with exceptions, and she prosecutes this appeal for review as plaintiff in error against Charles P. Yadon, defendant in error, since the other parties have either passed out of the case or have been content with the holding of the trial court.

The assignment of error contains six grounds, but they may be treated under one controlling proposition: Was the judgment of the court as to priority of the notes in question correct?

Perhaps a short statement of the material facts may help to clarify the question. All the notes under view bore the same date, were executed by the same parties, and the several notes, save only the first two notes ($400 note and $1,600 note), matured at different dates. All of said notes were secured by a real estate mortgage covering property in Tulsa. The $400 note was transferred by indorsement on the date of its execution by payee to Charles P. Yadon. Thereafter, in January, 1926, and before maturity of any note in the series, all the remaining notes were transferred by the indorsement of payee to Susie Conway, along with a written assignment of the mortgage. No contention is made that these assignments are irregular in any way or that they are without consideration.

Counsel for the respective parties to this appeal agree that the precise question to be determined is whether, as a matter of law, the two notes first maturing are entitled to priority in lien or payment over the remaining notes of the series.

This question of priority between assignees of separate notes secured by a single real estate mortgage has not, we think, been squarely presented for determination in this state, although it has been hinted at or adverted to in two or three cases. It may be said that the identical question presented here for our decision has been often presented and passed upon by the high courts of our sister states, and, upon a rath-

er diligent study of the various decisions, as well as the opinions of the various text-writers, we are led to say that no general rule has been or can be laid down, since the courts seem to be in hopeless disagreement. It seems clear to us, out of the abundance of judicial discussion provoked by this question, that there have been evolved three rules of construction:

First.   It is the settled rule in several states that where a mortgage has been given to secure several notes falling due at various times and the notes are assigned to different holders, the one first maturing is to be first paid out of the mortgaged property; the mortgage, as to the several notes, being equivalent to several successive mortgages. This is known as the **rule of priority of maturity,** and seems to be more or less consistently followed in Alabama, Florida, Illinois, Indiana, Iowa, Kansas, Ohio, New Hampshire, and Wisconsin.   The rule in many cases is said to rest upon the fact that the holder of the note first maturing may foreclose for nonpayment without awaiting the maturity of the succeeding notes. Wilson v. Hayward, 6 Fla. 171; Ellis v. Lamme, 42 Mo. 153.  But the reason given for this rule is held by the court in Penzel v. Brookmire, 51 Ark. 105, 10 S. W. 15, not to be convincing.   The priority arising from prior maturity is, however, generally subject, as against the assignor, to the priority arising from the assignment of one or more of the mortgage notes with the benefit of the mortgage security; but as between the assignees of different notes, the security of the assignee of the first note is still a mortgage as against the assignees of succeeding notes, though the first note is not assigned until after the others.  Humphreys v. Morton, 100 Ill. 592; Leavitt v. Reynolds, 79 Iowa, 348, 44 N. W. 567.  The priority of the notes is determined by the notes themselves upon their face, and not by any contingency; and it has been held that this rule of priority is not affected by a provision in the **mortgage** whereby all the notes become due upon a certain default.

Second.   A second rule has been followed in a few states and is known as **the prior assignment doctrine,** which gives priority to the assignees of notes according to the respective dates of their assignment.  This doctrine is supported principally by authorities from Alabama and Virginia.   See Cullum v. Erwin, 4 Ala. 452; Griggsby v. Hair, 25 Ala. 327; Alabama Go'd L. Insurance Co. v. Hall, 58 Ala. 1; Nelson v. Dunn, 15 Ala.

501; Gordon v. Fitzhugh, 27 Gratt (Va.) 835; McClintic v. Wise, 25 Gratt. (Va.) 448.

Third.   The third rule, and the one to which we conclude that we should adhere in the case at bar, is known as the **pro rata rule.** The same is defined in paragraph 2190 of Jones on Mortgages (8th Ed., 1928) as follows:

"The prevailing rule is, however, that the proceeds of the mortgaged property should be divided pro rata among all the notes, secured by the mortgage, without regard either to the times of their falling due or the dates of their assignment, unless the assignment show a contrary intention."

This doctrine is sustained by cases from the United States Supreme Court and from the Supreme Courts of the following states: Arkansas, California, Georgia, Connecticut, Louisiana, Maine, Maryland, Massachusetts, Michigan, Mississippi, Nebraska, New Jersey, New York, North Carolina, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, and Washington.   T h e s e supporting cases are listed u n d e r note 18, p a r a g r a p h 2190, vol. 3 (8th Ed.) Jones on Mortgages.   And where several notes made by the same debtor growing out of the same transaction and are all due and payable are secured equally by a mortgage and the mortgage is foreclosed as to all the notes, the proceeds of the sale of the mortgaged property, if not sufficient to pay the entire amount of all the notes, should be credited on the several obligations secured pro rata.  Rogers v. Moore, 85 Fed 920. The case of Chatten v. Knoxville Trust Co. (Tenn.) 289 S. W. 536, 50 A. L. R. 537, is followed by an exhaustive annotation in the last-named volume, beginning at page 543, and on page 569 the annotator says:

"As to priority as between assignees of notes secured by the same mortgage, there is no general rule.  Some courts apply the pro rata rule, others the earlier maturity rule, while a few others apply what is called the prior assignment doctrine.   The numerical weight of authority, however, would seem to be with the cases applying the pro rata rule. The effect of a strict application of this rule to this class of cases is a total disregard in each instance of the earlier maturity rule and the prior assignment doctrine."

And there follows on page 569 an exhaustive list of authorities from the various courts.   This doctrine is susceptible of universal application, but in many states an exception is recognized.

"Where a person holding all of a series of notes secured by mortgage assigns **one**

of them, the assignee is entitled to be preferred to the assignor and the receiver of the assignor in the distribution of the proceeds of the mortgaged property." Lawson v. Warren (1912) 34 Okla. 94, 124 Pac. 46.

The same doctrine is followed in Mothersead, Bank Com'r, v. Wiley et al. (1926) 114 Okla. 105, 243 Pac. 718. The doctrine of this exception is recognized in par. 2189 of Jones on Mortgages, supra, in the following words:

"An assignee of the mortgage with part of the debt is generally entitled to payment in preference to the mortgagee who retains one of the notes. * * *"

This doctrine is followed in Alabama, Georgia, Illinois, Indiana, Louisiana, Massachusetts, New Jersey, New York and Oklahoma, as shown by citations under note 9, par. 2189, of Jones on Mortgages, supra. See, also, note 2, vol. 50, A. L. R. Ann. p. 568, and cases cited: Pom. Eq. Jur. (3rd Ed.) par. 1203; and annotation vol. 52, A. L. R p. 1393-4.

It would serve no really useful purpose to discuss here the grounds upon which these various rules are predicated. Some authorities hold that in effect there are as many mortgages as there are notes to be secured; that the several notes are in some way protected by an assignment of so much of the mortgage as is necessary to protect the notes, and therefore, that these several notes when assigned carry with them either pro tanto or pro rata assignments of the original mortgage. But it seems to us that, without any refinement of reasoning, the status of these notes may be arrived at by determining just what the intention of the parties was, and judging such intention by what they actually did in the premises. In more than 99 cases out of 100 a mortgage is given to secure a single debt. It may be for the difference in exchange of lands, or for the purchase of livestock or for the loan of money, or what not. It may be, and more often is, the fact that the debt is to be liquidated in partial payments. Sometimes this is for the benefit of the mortgagor: sometimes for the benefit of the mortgagee; then again it may be for the advantage of both that the amount of the original debt be split up into payments extending over a period. The mortgagor secures the additional time and the mortgagee secures the additional interest incident to the forbearance. It seems to us that, since there is but one debt secured by a single mortgage, the court should not read into the contract a condition that the first-

maturing note of a series should have, as against the other notes, a prior and superior lien upon the sole property which, by act of the parties, was dedicated at the time to the security of all. The lien is not fixed as of the date of the maturity of any note secured, but is fixed by the act of the parties in executing and delivering the notes and mortgage. Nor can we see how the assignment of the notes secured by the mortgage increases or diminishes the security of the mortgage. The transfer of the notes under our statute carries with it the security of the mortgage, whether the mortgage be assigned or not, as the note is the primary, and the security the incidental, thing. Liens are either created by contract—by act of the parties—or by law. The parties have a right by their contract to create such liens as they see fit within the law. They have a right by mortgage to fix priorities as to payment of the debt or debts thereby secured; they have the right in the face of their negotiable promissory notes to do the same; they have even the right in the transfer of these papers to an assignee to limit their rights or to provide for priorities in so far as they may not prejudicially effect others. It seems to us logical, therefore, that when a debtor conveys his property by mortgage to secure the payment of a series of notes, or a single note payable in installments, and later these notes or a part thereof are sold and assigned by the mortgagee to purchasers for value, and when default is made and foreclosure had and the proceeds of sale are insufficient to pay all the notes, to hold that the note first maturing shall be paid in full and the other notes in the order of their maturity to the exclusion, or at the expense, of the later notes, is to write something into the contract that the parties had no intention of placing there. The purchasers of such note or notes could not have been misled, for the recorded mortgage would have given them notice of the notes outstanding. We find no sufficient ground to support an equity authorizing the payment of one of two notes in full and the repudiation of the other when they are secured by the same contract of mortgage and executed and delivered at the same time as a part and parcel of the same transaction, upon the sole theory that the favored note is payable 60 days, or six months, or a year prior to the other note Equality is supposed to be equity. We favor and adopt the rule that the proceeds of mortgaged property, where insufficient to pay all the notes, shall be prorated among the holders of the obligation

thereby secured, subject only to the exception indicated in Lawson v. Warren, supra, and Mothersead, Bank Com'r, v. Wiley et al., supra.

In the case at bar the parties to this appeal held, as assignees, notes protected by the same mortgage. Though the notes were assigned at different times, they were and remained a part of the series of original notes secured by the mortgage. The trial court committed error in holding that the first two notes, one of which belonged to the plaintiff in error, Conway, and the other to the defendant in error, Yadon, and both of which matured at the same time, should be paid in full, and that the other notes belonging to Susie Conway should have priority in order of their maturity only. He should have ordered that all said notes be paid pro rata. For which reasons this cause is reversed and the trial court is ordered to modify the judgment according to the views heerin expressed.

TEEHEE, HERR, LEACH, and DIFFEN-DAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 42 C. J. p. 311, §2013; anno. 50 A. L. R. 546; 19 R. C. L. p. 658; 7 R. C. L. Supp. p. 640.