## LASHLEY v. DEXTER.

No. 18241.   Opinion Filed Oct. 23, 1928.

Rehearing Denied Dec. 11, 1928.

J. W. Dixon and Bowling & Farmer, for plaintiff in error.

Wilkins & Wilkins, for defendant in error.

FOSTER, C. This is an action based on a $3,000 mortgage executed by Thomas P. Clark to John Dexter and by him sold to the plaintiff in error, Katie B. Lashley, through Nicholas Ulrich & Company, of Peoria, Ill., the assignment being made direct to Katie B. Lashley at the request of said company. At the same time a second mortgage was executed to John Dexter for commission.

When the interest coupons on the first mortgage became due, Katie B. Lashley sent them to Nicholas Ulrich & Company, who in turn sent them to John Dexter. It appears that Clark paid one interest coupon, and thereafterwards three other coupons were paid by Dexter at the request of Nicholas Ulrich & Company, who was acting as agent for Katie Lashley.

Certain taxes on the property not being paid, Katie Lashley brings this action to foreclose her mortgage before maturity, and John Dexter claims a lien superior to her mortgage for said interest coupons, which of course fell due prior to the maturity of the first mortgage. Before this action was commenced, Dexter had foreclosed his second mortgage on the land and purchased same at foreclosure sale, subject to first mortgage.

The lower court found in favor of John Dexter and granted him a lien for the interest coupons superior to the lien of Katie B. Lashley, from which order she appeals.

Only one assignment of error is argued, namely, that the judgment of the trial court is contrary to law. To support this assignment, however, the plaintiff argues the same under two propositions:

First. That the intervener, by paying off

the three interest coupon notes, could not be subrogated to the rights of the plaintiff thereunder until the claim of the plaintiff was wholly satisfied.

Second. That the intervener took title to the land at foreclosure sale under the foreclosure of his second mortgage, and whatever prospective rights he had on account of having paid the three interest coupons on the first mortgage became merged in his title, and his claim was thereby extinguished.

In support of the first proposition, the plaintiff relies principally upon section 7420, C. O. S. 1921, and the case of Marks v. Baum Bldg. Co., 73 Okla. 264, 175 Pac. 818. The substance of the holding in this case, and under the statute referred to, is that the junior lienholder, or mortgagee, who pays an installment on the original mortgage for the protection of his own security, will, as against the mortgagor, be subrogatel to the rights of the holder of the superior mortgage; but his lien will be subject to any balance due upon the original or superior mortgage lien until the same is fully and wholly satisfied.

This rule seems to be recognized in Oklahoma as well as other states, but it is contended by defendant in error in the case at bar, that this rule does not apply for the reason that there is no testimony to show that John Dexter paid these interest coupons in order to protect his own mortgage, but, on the contrary, he became a purchaser of the interest coupons at the request of the agent for the holder of the superior mortgage. This is denied by plaintiff in error, but the court in its judgment found that John Dexter was a purchaser, and there is testimony to support said finding.

We have therefore presented the question of whether or not, under the facts and circumstances, the purchaser of these mortgage coupons obtained a first lien upon the premises.

Defendant in error relies principally upon the case of Lawson v. Warren, 34 Okla. 94, 124 Pac. 43, 33 Am. & Eng. Ann. Cas. 1914C, p. 139, in which case two notes were secured by a vendor's lien upon certain property. The holder of the notes assigned the first one that became due, and it was held in that case as follows:

"Where a person holding all of a series of notes secured by mortgage assigns one of them, the assignee is entitled to be preferred to the assignor and the receiver of the assignor in the distribution of the proceeds of the mortgaged property."

That case discusses three general rules concerning a negotiable paper due at differ-ent times, but secured by the same mortgage, most of the states holding that in cases of that kind the proceeds of the mortgaged property is prorated; a large number, however, holding that the notes should be paid in the order of their maturity, and a small number holding that they should be paid in the order of their assignment.

This court, however, in the case of Lawson v. Warren, supra, points out that the above rules are based upon a state of facts in which all the notes secured by a mortgage have been assigned to different persons, but said rules do not apply in cases where the holder of the mortgage assigns one of the notes to another party and retains the other. In cases of that kind, the assignee in equity should be preferred to the assignor.

In the recent case of Conway v. Yadon, 132 Okla. 36, 269 Pac. 309, the rule as announced in the case of Lawson v. Warren, supra, is recognized. In that case, the three rules mentioned in the Lawson v. Warren Case are discussed at length, and the court points out the different states which adhere to the three recognized rules, holding that the better reasoning supports the pro rata rule, and commits this court to that rule, but, as an exception, it is held that, where the holder of a mortgage assigns one note and retains the others, the assignee is preferred to the assignor.

The Warren Case, supra, has been followed in the case of Mothersead, Bank Commissioner, v. Wiley, 114 Okla. 105, 243 Pac. 718. See, also, 50 L. R. A. p 587 (notes).

The interest coupons in this case were made out to bearer, and a delivery is equivalent to an assignment, citing section 7700, C. O. S. 1921.

Since the trial court found that Dexter was the purchaser of these interest coupons, and they were assigned to him by Katie Lashley, who retained other notes secured by the same mortgage, we believe under the rule above announced that Dexter would have a prior lien, unless by his purchase of the property his claim became merged in his title.

Under the second proposition, it is pointed out that Dexter foreclosed his second mortgage upon the land involved in this case, and purchased the same at foreclosure sale subject to the first mortgage, and that his lien on the land, if any, by reason of the coupons thereby became merged. It will be observed that Dexter purchased the property in the name of one Crockett, as trustee for himself.

Plaintiff in error relies upon the rule an

nounced in 41 C. J. p. 781, which is as follows:

"A merger of estates may be effected by the mortgagee's acquisition of the title by a deed in fee from the mortgagor, executed and delivered, or placed in escrow for future delivery, or by purchase at an execution or foreclosure sale."

Plaintiff in error also relies upon Belleville Sav. Bank v. Reis (Ill.) 26 N. E. 647. From an examination of. these authorities, it appears that the rule therein announced is based upon the state of facts that there are no intervening interests, and where it appears from all the circumstances that at the time of the transactions the parties intended that a merger should take place.

It appears to be well settled, as contended by defendant in error, that, in determining whether or not two interests merge where a holder of a lien acquires legal title, it is a question principally of intention, and parol testimony is competent to show the intention of the parties at the time the transaction took place. The settled rule in equity is that, if the intention has been expressed by taking a transfer to a trustee or any language inserted in the instrument of transfer, it will be considered as indicating that a merger should not take place.

The leading case in Oklahoma is Yoder v. Robinson, 45 Okla. 165, 145 Pac. 775, in which the court said:

"The settled rule in equity is that the intention of the one acquiring the two interests then controls. If this intention has been expressed by taking the transfer to a trustee, or by language inserted in the instrument of transfer, it will, of course, be followed. If the intention has not been thus expressed, it will be sought for and ascertained in all the circumstances of the transaction. If it appears from all these circumstances to be for the benefit of the party acquiring both interests that a merger shall not take place, but that the equitable or lesser estate shall be kept alive, then his intention that such a result should follow will be presumed, and equity will carry it into execution by preventing a merger, and by treating the equitable or lesser interest as subsisting, and by admitting all the consequences for the protection of the party with respect to other matters, which necessarily result from the fact of the equitable estate being left in existence."

In Jones on Mortgages, p. 870, it is stated as follows:

"Where a first mortgagee purchases under a foreclosure sale, equity will keep his mortgage alive for the purposes of protection against a second mortgagee."

Drew v. Anderson Clayton & Co., 120 Okla.

250, 252 Pac. 64, follows the case of Yoder v. Robinson, supra, although it was held that there was a merger under the facts in that case, and the party who contended there was no merger failed to prove a contrary intention.

See, also, Dubbles v. Thompson (Mont.) 143 Pac. 986; Westheimer v. Thompson (Idaho) 32 Pac. 205; Anglo-Californian Bank v. Field (Cal.) 80 Pac. 1080.

Under the facts in the case at bar, the court found that Dexter did not intend that his prior lien should merge with the title which he secured by the sheriff's deed at the foreclosure sale of his second mortgage. Katie Lashler's lien, under the notes held by her, intervened between the lien held by Dexter under his interest coupons and his lien under his second mortgage. Dexter took the deed in the name of a trustee. These facts, together with the other circumstances in the case, justify the trial court in finding that Dexter had no intention that a merger should take place.

Under the above authorities, and we think the better reasoning, it is held that, where a grantee either by deed from the mortgagor or at an execution sale, does not intend that a prior lien upon the real estate should merge with the deed so taken, no merger takes place, and he has a prior lien upon the premises although holding legal title to the same.

The finding of the trial court that Dexter's first lien under the coupons purchased by him did not merge with his title at the execution sale is not against the clear weight of the evidence, and therefore the same will not be disturbed.

The fact that the mortgage held by Katie Lashley was originally made out to John Dexter is not sufficient to change the doctrine announced above. Dexter had assigned said mortgage to Katie Lashley without recourse, and when he purchased the coupons, he stood in the same position as to the mortgage holder, Katie Lashley, as any other second mortgagee who had never been connected with the original transaction.

It therefore follows that the judgment of the district court should be and is hereby in all things affirmed.

BENNETT, JEFFREY, HERR, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so .ordered.