## SECURITY TRUST CO. v. TAYLOR et al.

No. 19571. Opinion Filed July 8, 1930.

Rehearing Denied Sept. 30, 1930.

Wilkins & Wilkins, for plaintiff in error.

H. Grady Ross, for defendants in error.

DIFFENDAFFER, C. The first question raised by this appeal presents the identical question covered by the first paragraph of the syllabus in Lashley v. Dexter, 133 Okla. 297, 272 Pac. 427.

Plaintiff in error admits in its brief that the question of law involved herein was settled by this court in Lashley v. Dexter, supra. It will, therefore, be unnecessary to discuss the question of law involved.

It is contended that all the testimony clearly shows:

"That the American Investment Company paid off the coupons, and the holder of mortgage, the Security Trust Company, did not surrender the coupons until receipt of the money and letters from the investment company plainly stating that the money was sent in payment of the coupons."

Plaintiff cites section 7789, C. O. S. 1921, one of the provisions of which is that a negotiable instrument is discharged "By payment in due course by or on behalf of the principal debtor." This provision does not apply, for the reason that it clearly appears that the American Investment Company was not the principal debtor, nor was it acting for or in behalf of the principal debtor. The principal note was made payable to the American Investment Company or order, and each coupon note was made payable to the American Investment Company or bearer. The principal note with coupons attached was afterwards assigned to plaintiff in error by the investment company for value, without recourse.

The evidence of defendant in error relative to the transaction and the arrangements under which it claimed to have repurchased the coupons was:

"The arrangement between the American Investment Company and the Security Trust Company relative to all the mortgages which we negotiated through them was an oral agreement made with C. W. Chapman, president of the Security Trust Company, wherein the American Investment Company agreed to repurchase all interest coupons on all mortgages which the Security Trust Company should buy from us, as long as we were financially able to do so; said coupons to be repurchased on or about the 25th day of each and every month preceding the date on which the coupon matured on the first day of the following month. All interest coupons mature on the first of the month and agreed to remit the Security Trust Company on or about the 25th of the preceding month all coupons as they matured."

And:

"Q. State the facts concerning the repurchase of the interest coupons which are now owned and held by the American Investment Company?

"A. The American Investment Company repurchased said coupons pursuant to its oral agreement and the policy which was largely advertised and which was the principal representation made to the Security Trust Company and clients and everyone else, inducing them to buy mortgages; that the American Investment Company would, as long as it was financially able to do so, repurchase the interest coupons before they matured and that the money would be in their hands three or four days before the coupon matured regardless of whether or not they were paid by the makers."

The testimony on behalf of the plaintiff in error was to the effect that the American Investment Company had never repurchased any of the coupons involved from it. Upon this conflicting evidence the trial court found that the American Investment Company had purchased the coupons from plaintiff in error. We have carefully examined the entire record, and conclude that the finding is not against the clear weight of the evidence, and will therefore not be disturbed.

The other question raised is, that the court erred in dismissing the jury and rendering judgment.

It is contended that, it being a question of fact whether the coupons were paid or repurchased by defendant in error, plaintiff was entitled to have a jury pass upon this question of fact.

No authorities are cited in support of this proposition. This is an action in equity, brought by plaintiff in error to foreclose its mortgage lien.

No money judgment was sought against the defendant in error American Investment Company. The question at issue between the parties here is one of priority of liens.

In such cases, there is no absolute right to a jury trial. Crawford v. Hemmingway, 116 Okla. 192, 244 Pac. 198, and cases therein cited.

The judgment should be, and is, hereby affirmed.

BENNETT, HERR, HALL, and EAGLETON, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 19 R. C. L. p. 392. (3) 2 R. C. L. p. 203; R. C. L. Perm. Supp. p. 376. See "Appeal and Error," 4 C. J. §2869, p. 900, n. 96. "Juries," 35 C. J. §36, p. 166, n. 99. "Mortgages," 41 C. J. §443, p. 509, n. 20.