## LINDLEY et al. v. HOPKINS et al.

No. 25013.   April 2, 1935.

L. O. Lytle and Tom Wallace, for plaintiffs in error.

William Neff, for defendant in error Eva N. Hopkins.

E. M. Connor, for defendant in error T. H. Ray.

PER CURIAM. The parties will be referred to as they appeared in the lower court. The plaintiffs brought this action to foreclose a mortgage upon the northwest quarter of the northwest quarter of section twelve (12), township seventeen (17) north, range thirteen (13) east in Tulsa county, Okla., and for personal judgment against the defendants T. H. Ray and Florence Lindley, for the sum of $467.67, with interest at eight per cent. per annum from January 1, 1929, compounded annually, and $170 attorneys' fee.

Plaintiffs further alleged that on December 15, 1925, T. H. Ray and Dora Ray, for a valuable consideration, executed and delivered to W. M. Briscoe four notes, the last one being for $466.67, and that before maturity, for a valuable consideration, said notes were sold and delivered to the plaintiffs; that said notes were secured by a mortgage on the land involved in the action, and this mortgage was also assigned to the plaintiffs.

The plaintiffs further alleged that after the execution of said notes and mortgage, the said T. H. Ray and Dora Ray conveyed said real estate to the defendant Florence Lindley, and that, as a part of the purchase price, she assumed and agreed to pay said mortgage indebtedness.

The defendants Florence Lindley and Caroline Lindley answered in substance that the real owner of the property involved in this action at the time of making plaintiffs' mortgage, and also when the property was conveyed to Florence Lindley, was W. M. Briscoe, but that prior to execution of notes and mortgage to him, a judgment was rendered against the said W. M. Briscoe, and in order to keep said land from being subject to execution, the said W. M. Briscoe entered into a conspiracy with the defendants T. H. Ray and Dora Ray to delay and defraud his creditors, and alleged that the plaintiffs had knowledge of the same. Said defendants therefore asked for a cancellation of the plaintiffs' note and mortgage. They also asked for a cancellation of the deed from T. H. and Dora Ray to them, and that they have judgment in the sum of $1,300, with interest.

The case was tried to a jury, and by con-

sent of the parties the court submitted two special interrogatories to be answered by the jury as follows:

Interrogatory 1. Did the defendant Florence Lindley assume and agree to pay the note and mortgage of the plaintiff at the time she purchased the property from the defendants T. H. Ray and Dora Ray? Answer: Yes.

Interrogatory 2. Did the defendant Florence Lindley purchase the note and mortgage from the Aetna Life Insurance Company for her sister, Martha Hall? Answer: No.

Upon the answers to these interrogatories by the jury, the court rendered judgment finding the issues in favor of the plaintiffs and against the defendants.

The defendants Florence Lindley and Martha Hall contend that there was no evidence in the record that they intended to pay a prior existing mortgage in favor of Aetna Life Insurance Company. With this view we cannot agree. The evidence on this subject was in sharp conflict. The defendant T. H. Ray testified that the defendant Florence Lindley agreed as the purchase price for the land, to give him (Ray) one year's free rent for the place, and pay off both outstanding mortgages against the land. By agreement of all the parties, this identical question was submitted to the jury. At the close of the evidence of the plaintiffs, defendants demurred to same, which was overruled by the court, and exceptions saved. Whereupon the defendants introduced their evidence and all parties rested. The defendants did not move for a directed verdict at the close of all the evidence, but the jury was instructed, including the submission of two interrogatories propounded to be answered, and adverse answers to the interrogatories, and an adverse judgment was rendered to the claim of the defendants. It is too late now to assert insufficiency of evidence to establish a cause of action in favor of plaintiffs.

This court, in case of Local Building & Loan Ass'n v. Hudson-Houston Lumber Co., 150 Okla. 44, 3 P. (2d) 156, said:

"If a defendant, after its demurrer to the evidence of the plaintiff has been overruled, does not stand upon the demurrer, but puts in its evidence, it waives the demurrer and if it does not move for a directed verdict after the parties have finally rested. it cannot urge against an adverse verdict that the evidence was insufficient to establish a cause of action in favor of the plaintiff."

Defendants cite but one case, Lashley v. Dexter, 133 Okla. 297, 272 P. 427, with quotation in the opinion from Yoder v. Robinson, 45 Okla. 165, 145 P. 775, but the question involved there does not determine the issues here. In that case, this court held, where a junior mortgagee purchases interest coupons from the holder of a superior mortgage, at the request of the agent of the latter, he obtains a lien upon the property secured by the mortgage to the amount of his coupons superior to the lien of his vendor. This rule exists for the protection of junior mortgagees and lienholders. But a different rule must apply here. The defendant Florence Lindley was the record owner of the property, and she was obliged to pay the existing mortgage claim of the plaintiffs, for the same reason that she would be required to pay taxes, or lose the property. The jury believed she obligated herself to pay the plaintiffs' mortgage, and so did the trial court.

Upon a consideration of the whole case presented by the record before this court, no error is shown prejudicial to the rights of the defendants, and the judgment of the trial court should, therefore, in all things be affirmed. It is so ordered.

The Supreme Court acknowledges the aid of Attorneys Oliver C. Black, Richard Billups, and Geo. G. Barnes in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Black and approved by Mr. Billups and Mr. Barnes, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY. PHELPS, and GIBSON, JJ., concur.