## BANK OF EARLSBORO v. J. E. CROSBIE, Inc., et al.

No. 27196.   Jan. 25, 1938.

Rehearing Denied March 22, 1938.

A. B. Carpenter, for plaintiff in error.

L. H. Harrell and A. M. Kerr, for defendant in error J. E. Crosbie, Inc.

Claude V. Thompson, for defendant in error George R. Hook.

H. G. Orton, for defendant in error Lee Walker.

Jane A. Shaw, for defendant in error J. D. Lackey.

Mack M. Braly, for. defendants in error Lloyd DeGraffenreid, Bill Coyner, and Olin Jones.

Wm. M. Dodson, for defendant in error C. J. Clark.

HURST, J. Plaintiff, J. E. Crosbie, Inc., employed a contractor to build a gasoline plant on one of its oil and gas leases. The contractor assigned all of his interest in the money due under the contract to the defendant, Bank of Earlsboro, and left for parts unknown. The subcontractors and laborers, who did the work for the contractor, had not been paid, and were claiming, or about to claim, liens on plaintiff's lease. One laborer had filed a lien, but no one had filed suit. Alleging these facts in a "Bill of Interpleader", plaintiff commenced this action. The contractor, the bank, and the lien claimant who had filed his lien were made party defendants. Plaintiff tendered into court the sum of $2,078.50, which it claimed was the amount due the contractor for the work done, and prayed that the defendants and all other persons be re-

quired to come into court and present their claims, and that the court determine who is entitled to the money and disburse it accordingly. Plaintiff then asked that its property "be discharged from any and all liens or claims of the defendants."

Six subcontractors and laborers, in addition to the one named as a defendant, filed pleadings designated "interplea". One of them also filed a lien within 60 days as required by the mechanic's lien law (sec. 10977, O. S. 1931), and he and the defendant claimants prayed that their liens be foreclosed and that the leasehold estate, gasoline plant and equipment be sold to satisfy their claims. Two other claimants filed interpleas within 60 days in which they also prayed for the foreclosure of liens, although they filed none. The remaining three claimants did not file or claim liens upon the property, but sought to have their claims satisfied out of the fund deposited into court by the plaintiff. The four claimants seeking the foreclosure of liens asked for attorney fees, but the remaining three did not. The bank sought to recover the entire fund by virtue of the assignment.

As the fund was more than sufficient to pay the aggregate amount of the claims of the materialmen and the labor claimants, including attorney fees, there was no question of priority among themselves and they did not object in any manner to the remedy sought by plaintiff.

The court rendered judgment granting plaintiff the relief sought for in interpleader and discharged plaintiff without further costs. The court found that the four who claimed liens upon the property were entitled to liens and attorney fees payable out of the fund. The court further found that the assignment to the bank was inferior to the payment of the amounts due the remaining three claimants, and that they were entitled to payment out of the fund. It was then ordered that the balance of the fund be paid to the bank. The bank brings this appeal.

■ It is first contended that the bill filed by plaintiff is not sufficient to state a cause of action. The bank filed no demurrer and interposed no objection to the introduction of evidence on behalf of plaintiff, and thus the objection that the bill or petition does not state facts sufficient to constitute a cause of action is waived. Clark v. Farmers State Bank (1915) 48 Okla. 592, 149 P. 1189. But it is contended that the

sufficiency of the bill was properly challenged by motion to dismiss, which was orally entered by counsel for the bank at the opening of the trial. This is true in so far as it goes to the question of jurisdiction, for the objection to the jurisdiction of the court over the subject matter may be raised by motion to dismiss at any stage of the proceeding. Twine v. Carey (1894) 2 Okla. 249, 37 P. 1096. But it is not necessary to jurisdiction that plaintiff state a cause of action. Abraham v. Homer (1924) 102 Okla. 12, 226 P. 45. It is enough that the pleadings state facts sufficient to challenge judicial inquiry (Welch v. Fotch, 67 Okla. 275, 171 P. 730) when the court has the power to proceed in a type of case of the character presented, or power to grant the relief sought in a particular action. Howard v. Duncan (1933) 163 Okla. 142, 21 P. (2d) 489. Such being the case, it is immaterial whether plaintiff's bill was defective in the particulars complained of by the bank, for the reason that the pleadings are sufficient to invoke the jurisdiction of the court of equity. The action is proper as a bill in the nature of a bill of interpleader, and not strict interpleader, because plaintiff has asked for affirmative relief; that is, a discharge of its property from liens. Newhall v. Kastens (1873) 70 Ill. 156; Illingworth v. Rowe (1894 N. J. Eq.) 28 Atl. 456. The only material distinction between strict interpleader and a bill in the nature of a bill of interpleader is that in the former the plaintiff must be a mere stakeholder, whereas in the latter, he may himself seek affirmative relief. Guaranteed State Bank v. D'Yarmett (1917) 67 Okla. 164, 169 P. 639; 33 C. J. 419, et seq.; 15 R. C. L. 222.

■ It is next assigned as error that the plaintiff introduced no evidence to support the allegations of its bill. The introduction of evidence, however, was rendered unnecessary by the formal admission in the "response" or answer of the bank, wherein it was alleged:

"The Bank of Earlsboro, one of the defendants named herein, further alleges and states that it has no issue and takes no issue with the bill of interpleader of the plaintiff, J. E. Crosbie, Incorporated, other than that no other party than this answering defendant, the Bank of Earlsboro, has any just claim, right or title to any of the funds tendered and offered to be impounded herein."

We think it readily apparent that the bank has expressed an intention to eliminate the issue of the sufficiency of the al-

legations of the bill and has limited the controversy to a contest against the claimant. Therefore we find no reversible error in the judgment so far as plaintiff is concerned.

■ As between the bank and the other defendants, it is first contended that the court erred in permitting certain parties to intervene who were not named by plaintiff in its bill. But in an action in the nature of interpleader, all parties claiming an interest in the fund may be permitted to intervene. 33 C. J. 449. All the claimants seek an interest in the fund. Even those who prayed for foreclosure of their liens against plaintiff's property have, by coming into this action without objection to plaintiff's bill, made a claim against the fund in lieu of their claim against the property. The court committed no error in overruling the objection of the bank to their entry.

■ It is further contended that the court erred in granting the subcontractors and laborers priority over the bank on their claims for labor, materials, and attorney fees. In order to properly determine the rights between the bank and the various claimants, they must be grouped into three categories: First, those who neither filed liens nor claimed liens in their interpleas; second, those who did not file liens, but claimed liens in their interpleas, filed within 60 days from the completion of their contracts with the original contractor: and third, those who filed liens within the time and in the manner as required by law.

The first group consists of C. J. Clark and Olin Jones. The claim of Clark was in the sum of $25 for "five days of general team work", and Jones claimed $153 for "certain team work". They both assert their priority over the bank on the principle that the assignee of a chose in action takes it subject to all existing claims and equities and acquires no greater interest therein than his assignor had at the time of the assignment. Keys v. Ponder (1924) 118 Okla. 234, 226 P. 73, 747 P. 43. But there must be some existing equity against the fund in the nature of a lien, otherwise the claims would be merely personal against the contractor and would not affect the assignment. Although these two claimants are not entitled to mechanics' or materialmen's liens, they are entitled to laborer's liens on the product of their labor as provided by section 11007, O. S. 1931 (42 Okla. St. Ann. sec. 92). The evidence is sufficient to show that they performed labor in the construction of the plant. Hence they are entitled to a lien from the time the labor is performed (sec. 11009, O. S. 1931, 42 Okla. St. Ann. sec. 94), which lien may be enforced at any time within eight months (sec. 11010, O. S. 1931, 42 Okla. St. Ann. sec. 95). Their interpleas were filed within eight months after their last work was performed. In adjusting the equities, therefore, it was proper for the court to permit these claimants to participate in the fund.

The second group consists of George R. Hook, Bill Coyner, and J. D. Lackey, who claimed liens by way of interplea within the time required under the mechanics' and materialmen's lien law. Although no lien statement was filed, the filing of the interpleas was sufficient substantial compliance with the statute. Sutherland Lumber Co. v. Gale (1929) 136 Okla. 233, 277 P. 242.

The claim of J. D. Lackey requires special attention. The record discloses that it is in the sum of $257.45 for feed sold to the contractor to be used in feeding teams employed in the construction of the plant. This court has not passed upon the question of whether such a claim is lienable under our mechanics' lien law. Although it has been held that feed furnished for horses is "material" within the provisions of a contractor's bond to insure payment for labor or material used in the construction of a public work (Hyde Constr. Co. v. Frickenschmidt, 1929, 140 Okla. 290, 284 P. 34), yet this court is committed to the rule that "the statutes have different objects, and cases involving mechanics' and materialmen's liens do not afford an unfailing criterion" in public work cases. Eagle Oil Co. v. Altman (1928) 129 Okla. 98, 263 P. 666. As to whether feed for teams is a lienable claim under the mechanics' lien law, there is a dearth of authority. On the analogous question of fuel for engines used in the construction of building there is a definite split of authority. 40 C. J. 87. Under statutes permitting liens on railroads similar to our mechanics' and materialmen's lien statutes, feed for teams has been held not lienable in Kentucky, Ohio, Michigan, and Washington. Shultz v. C. H. Quereau Co., 210 N. Y. 257, 104 N. E. 621; Carson & Co. v. Shelton, 128 Ky. 248, 107 S. W. 793, 15 L. R. A. (N. S.) 509. From a careful study of the authorities we conclude that no lien should be allowed for feed furnished in the instant case. Arata & Peters, Inc., v. Snow Mtn. Water & Power Co. (Cal. App.) 267 P. 932, and cases therein cited; Walker v.

Collins Const. Co. (Neb.) 236 N. W. 334; Southern Gas Line v. Dixie Oil Co. (La. App.) 133 So. 181; Steele & Lebby v. Flynn-Sullivan Co. (Ky.) 54 S. W. (2d) 325; Schroeter Bros. Hdwe. Co. v. Croatian, etc., Ass'n, 332 Mo. 440, 58 S. W. (2d) 995; Mossburg v. United Oil & Gas Co. (Ind. App.) 89 N. E. 992; Johnson v. Starrett (Minn.) 149 N. W. 6; Favo v. Merlott, 94 Pa. Sup. 90.

In Newhall v. Kastens, supra, it was held that a subcontractor of a subcontractor was entitled to an equitable lien in an interpleader action, although not protected by the mechanics' lien law, on the principle that those who make possible the fund are entitled to be paid for their labor and materials out of that which they helped to create. But our lien law is more comprehensive than the Illinois law involved in Newhall v. Kastens, supra, and includes subcontractors of subcontractors. We cannot extend the theory therein applied to the instant case, where the claim is not within the contemplation of the lien law. Such claim is too remote to give rise to the equitable principles there involved. Therefore, the claim of J. D. Lackey should not have been allowed out of the fund in question prior to the claim of the bank.

The claims of Hook and Coyner are on a parity with those of Lloyd DeGraffenreid and Lee Walker, who comprise the third group of claimants who have perfected liens under the mechanics' and materialmen's law. Hook, Coyner, and DeGraffenreid presented their claims for labor performed in the construction of the plant, and the finding that their claims are lienable is not against the clear weight of the evidence. Walker claimed $161.50 for teams and drivers, used in the construction of the plant. For such claim he is entitled to a mechanic's lien, although he is not entitled to a lien as a laborer. Shefts Supply, Inc., v. Brady (1935) 170 Okla. 590, 41 P. (2d) 820. It is held that in actions in the nature of interpleader under circumstances identical to the instant case, the assignment to the bank will not defeat the duly perfected liens of laborers or materialmen. Florida East Coast R. Co. v. Eno (1930 Fla.) 128 So. 622, 70 A. L. R. 506 and annotation. In an action to foreclose a lien, when the issue is merely one of priority of claims, it is an equitable proceeding. Security Trust Co., etc., v. Taylor (1930) 145 Okla. 111, 291 P. 550. The present action is also one in equity. 33 C. J. 466. Thus the claimants who perfected their liens under the lien statutes are entitled to attorney fees under section 11021, O. S. 1931 (42 Okla. St. Ann. sec. 176), if their action is one to enforce a lien. Although by their interpleas they claim against plaintiff's property rather than the fund, the substitution of the fund for the property does not affect their claim of a lien. So far as they are concerned, it is still an action to enforce a lien.

The judgment is reversed as to J. D. Lackey and in all other respects the judgment is affirmed.

BAYLESS, V. C. J., and WELCH, CORN, and GIBSON, JJ., concur.