Bice, you will return a verdict for the plaintiff for the reasonable market value of said property, your verdict in any event not exceeding the sum of $1,516.95.

"5. On the other hand, unless the plaintiff has established those facts to your satisfaction by a preponderance of the evidence, or if you believe from the evidence that the defendants, Marion Fuller and Homer Knappenberger, were not present and did not participate in the taking of the plaintiff's property, if you find the property was taken, your verdict will be for the defendants."

Each of the defendants below interposed a joint general demurrer and a joint answer. Each testified that they were not present and did not take any property belonging to Bice.

Defendants below did not interpose a separate defense nor introduce any evidence on a separate theory, and in no way do we think the instructions given were prejudicial.

Plaintiffs in error also contend that the court committed error in permitting the wife of the plaintiff below to testify. It is shown that she had charge of the property in the absence of her husband.

In the case of McDonald v. Cobb, 52 Okla. 581, 153 Pac. 138, the court there, in discussing a similar question, said:

"So we say here, in the absence of the husband from his home, it was the duty of his wife to protect the property, and in doing so she acted as his agent, and what she said and did is competent evidence under the rule of agency. Mr. Justice Dunn, speaking for this court in the case of Armstrong-Byrd & Co., v. Crump, 25 Okla. 452, 106 Pac. 855, refers to and quotes approvingly from the case of Fisher et al. v. Conway, 21 Kan. 18, 30 Am. Rep. 419, and then says:

"'Moreover, in the absence of the husband from home, if the wife acts in protection of property claimed by him and within the time limits, although without any express direction or agreement, she is acting as his agent, and will be a competent witness, in an action by or against him, as to what she does in relation therewith.'"

We do not think in the instant case the court committed error in permitting the wife to testify, for the reason that she was clearly the agent of her husband in his absence.

MASON, C. J., and HUNT, RILEY, CLARK, SWINDALL, and ANDREWS, JJ., concur. HEFNER and CULLISON, JJ., absent.

## SECURITY TRUST CO. v. THOMAS et al.

No. 19625. Opinion Filed Nov. 11, 1930.

Wilkins & Wilkins, for plaintiff in error.

H. Grady Ross, for defendants in error.

DIFFENDAFFER, C. In this case, there is a stipulation, whereby it is agreed that the questions of law involved and the facts involved in this case are exactly the same as in case No. 19571, Security Trust Company of Freeport v. John Davenport Taylor et al., and further stipulating that the judgment in that case shall govern in this case.

The John Davenport Taylor Case was decided by this court in an opinion filed July 8, 1930, affirming the judgment of the trial court. The opinion became final on the 7th day of October, 1930 (145 Okla. 111, 291 Pac. 550).

It will therefore be unnecessary to further state the case or discuss the facts herein.

In accordance with the stipulation on file, the judgment and decree of the trial court should be and is hereby affirmed.

The syllabus in No. 19571, Security Trust Co. v. John Davenport Taylor et al., is hereby adopted as the syllabus in this case.

BENNETT, HERR, HALL, and EAGLETON, Commissioners, concur.

By the Court: It is so ordered.

## SECURITY TRUST CO. v. THOMPSON et al.

No. 19624. Opinion Filed Nov. 11, 1930.

Wilkins & Wilkins, for plaintiff in error.

H. Grady Ross, for defendants in error.

DIFFENDAFFER, C. In this case, there is a stipulation filed, whereby it is agreed that the questions of law involved and the facts involved in this case are exactly the same as in case No. 19571, Security Trust Company of Freeport v. John Davenport Taylor et al., and further stipulating that the judgment in that case shall govern in this case.

The John Davenport Taylor Case was decided by this court in an opinion filed July 8, 1930, affirming the judgment of the trial court. The opinion became final on the 7th day of October, 1930 (145 Okla. 111, 291 Pac. 550).

It will therefore be unnecessary to further state the case or discuss the facts herein.

In accordance with the stipulation on file, the judgment and decree of the trial court should be and is hereby affirmed.

The syllabus in No. 19571, Security Trust Co. v. John Davenport Taylor et al., is hereby adopted as the syllabus in this case.

BENNETT, HERR, HALL, and EAGLETON, Commissioners, concur.

By the Court: It is so ordered.

## FICKEL et al. v. WEBB, Adm'r.

No. 19334. Opinion Filed Sept. 30, 1930.

Rehearing Denied Nov. 11, 1930.

Rizley & Loofbourrow, Blair, Lillard & Eidson, and Magee & Sturdevant, for plaintiffs in error.

Mauntel & Spellman and Dixon & Dixon, for defendant in error.

EAGLETON, C. John Traugott Mirtschin, German born, homesteaded in Beaver county and lived there on the property in a small dugout, or hovel, for some twenty-odd